No. 773

LOUGHEAD CO. v. HOLLENKAMP et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2479-80.    Decided Dec. 22, 1924

751. MASTER AND SERVANT—1. When servant re-engages in the discharge of his duty, after a temporary departure therefrom, responsibility of master for servant's acts attaches at once.

2. Deviation from not necessarily an abandonment of the duty to master, but suspended relation may be subsequently established.

BUCHWALTER, J.

In the Hamilton Common Pleas, Hazel Hollenkamp brought her action against the C. W. Loughead Co. for personal injuries sustained by reason of a collision with the machine in which she was riding as a passenger and a Ford truck owned by the Company. Leo G. Hollenkamp brought his action for damages for loss of services and both cases were tried together.

No question was raised as to the extent of the injury and damage and the alleged negligence of the driver. The only point argued was as to whether or not the operator of the truck was, at the time in question, acting within the scope of his employment and engaged upon the business of the company.

It was alleged by the company that one, Graf, the driver, after having delivered parcels went to his home and after having eaten and dressed proceeded to the company's garage for the sole purpose of returning the truck. While thus engaged, the accident occured and it was urged that under these conditions Graf was not engaged in the performance of any work incident to his employment, nor was he acting within the scope of his authority. In each case in the Common Pleas, a verdict was returned for the plaintiffs.

Error was prosecuted and it was contended by the company that the act of Graf in operating the truck to his home, and his making some purchases, was not a mere deviation, but was a complete abandonment of its business; that the truck should not have been on the street at all, at that time, and the rule would be the same if the machine had been returned to the garage and then taken out by Graf for his own purpose without the company's knowledge or consent; and that the case should not have been submitted to the jury. The Court of Appeals held:

1. "Every departure by the servant from the strict course of his duty, even for a purpose of his own, will not, in and of itself, be such a departure from the master's business as will relieve the master of liability for the acts of the servant."

2. "A servant may at the same time be combining both his own and his master's business and in such case, the master will be liable for his acts, and where the servant has made a temporary departure from the service of the master, and the object of that departure has been accomplished, and the servant re-engages in the discharge of his duty, the responsibility of the master for the servant's acts immediately attaches."

3. "The fact that a person is in possession of the automobile of another, and the additional fact that he is shown to be employed

by the owner to drive and care for it, taken together, form a chain of circumstantial evidence from which a jury is authorized to infer the further fact that the employe is using the machine upon the employer's business."

4. A deviation from duty is not necessarily an abandonment of the duty to the master, but the relation of master and servant can be suspended and subsequently re-established.

5. Question of whether or not the employe had returned to the master's business, and was acting within the scope of his authority, was a question which should have been submitted to the jury, and there was no error in overruling the company's motion for a directed verdict.

Judgment affirmed.

Attorneys—Harmon, Colston, Goldsmith & Hoadly, for Company; Edward M. Ballard and L. L. Lemper for Hollenkamp et; all of Cincinnati.