Posin et al., Appellees, *v.* A. B. C. Motor Court
Hotel, Inc., Appellant.

[Cite as Posin v. A. B. C. Motor Court Hotel
(1976), 45 Ohio St. 2d 271.]

272

(No. 75-518—Decided March 17, 1976.)

Messrs. *Volkema, Pees & Snevel* and *Mr. Randall W. Pees,* for appellees.

Messrs. *Crabbe, Brown, Jones, Potts & Schmidt, Mr. William L. Schmidt* and *Mr. Vincent J. Lodico,* for appellant.

CORRIGAN, J.

## I.

Defendant presents two propositions of law for this court's consideration.

In its first proposition of law, defendant maintains that the actions of defendant's desk clerk in requesting a beer and inviting a guest to enter the rear door of the motel office, marked "Employees Only," were clearly outside the scope of the clerk's employment with the defendant, and that the trial court was correct in granting a judgment notwithstanding the jury's verdict.

Defendant's second proposition of law maintains that the defendant-appellant was entitled to a directed verdict as a matter of law on the issue of the plaintiff's contributory negligence in stepping back into a totally dark stairwell.

Defendant's propositions of law seek, in one instance, a judgment notwithstanding the verdict and, in the other, a directed verdict.

The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. *McNees* v. *Cincinnati Street Ry. Co.* (1949), 152 Ohio St. 269; *Ayers* v. *Woodard* (1957), 166 Ohio St. 138; Civ. R. 50(A) and (B).

## II.

We turn our attention first to defendant's second proposition of law, which was the subject of a motion for directed verdict made by defendant at the end of the plaintiff's case.

Defendant maintains that the trial court should have directed a verdict for the defendant on the basis that the plaintiff was guilty of contributory negligence as a matter of law. Defendant predicates this contention on the so-called step-in-the-dark rule.

The step-in-the-dark rule, as enunciated by Ohio courts, holds generally that one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law. *Flury* v. *Central Publishing House* (1928), 118 Ohio St. 154; *McKinley* v. *Niederst* (1928), 118 Ohio St. 334.

Where the evidence is conflicting on the issue of contributory negligence or where a combination of circumstances exists requiring a determination as to the credibility of witnesses in order to deduce the true facts relative to the issue of contributory negligence, then no inference of a lack of ordinary care arises and the ultimate resolution of this issue is solely within the province of the jury. *Rothfuss* v. *Hamilton Masonic Temple Co.* (1973), 34 Ohio St. 2d 176; *Chardon Lakes Inn Co.* v. *MacBride* (1937), 56 Ohio App. 40.

The step-in-the-dark rule merely raises an inference of the lack of prudence and ordinary care on the part of a plaintiff. If conflicting evidence exists as to the intentional nature of the step into the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances exist tending to disprove a voluntary, deliberate step into unknown darkness, then clearly an inference of contributory negligence does not arise. Evidence of this nature presents a factual question for determination by the jury. *Rothfuss, supra* (34 Ohio St. 2d 176); *Painesville Utopia Theatre Co.* v. *Lautermilch*

(1928), 118 Ohio St. 167; *Chardon Lakes Inn Co., supra* (56 Ohio App. 40); *Plotkin* v. *Meeks* (1936), 131 Ohio St. 493.

In the present case, the evidence is conflicting on the lighting of the landing, both parties admitting to the existence of sufficient light to see the landing. The plaintiff, however, testified that he had no reason to believe that there was a stairway at the back of the landing. The defendant's witnesses admitted that the landing constituted a dangerous situation.

Additionally, the plaintiff maintained that defendant's clerk stepped from the apartment, directly in front of him, and proceeded into the office, either causing or resulting in his step backward down the stairway. This testimony not only raises a factual question as to the deliberate nature of the plaintiff's step into the darkness behind him but also raises a question as to whether defendant's clerk exercised ordinary care in proceeding in front of the plaintiff on the dangerous landing.

Furthermore, the trial court instructed the jury on the issue of contributory negligence and the warning of danger associated with darkness. The trial court's statement in its memorandum on the judgment notwithstanding the verdict that the step-in-the-dark cases were not applicable was incorrect. However, in view of the evidence presented at trial on this issue, there was no prejudicial error.

Construing the evidence most favorably toward the plaintiff, this court finds that there is sufficient evidence in the record relative to the issue of plaintiff's contributory negligence to raise a factual question for determination by the jury.

The motion for a directed verdict on this issue was properly overruled by the trial court.

### III.

Defendant's first proposition of law alleges that the actions of defendant's desk clerk were outside the scope of the clerk's employment with the defendant corporation. Defendant maintains that the trial court correctly granted a judgment notwithstanding the verdict on this issue and the

reversal of this judgment by the Court of Appeals was erroneous.

The trial court based its judgment notwithstanding the verdict on a determination that plaintiff's voluntary act of supplying beer to defendant's desk clerk was not within the scope of the clerk's employment.

The issue would be more appropriately stated: Does defendant's desk clerk have actual or apparent authority to authorize a guest to enter defendant corporation's office by means of a private door for the use of defendant's employees and service personnel?

The term "scope of employment" has never been accurately defined and this court has stated that it cannot be defined because it is a question of fact and each case is *sui generis*. It has also been stated that the act of an agent is the act of the principal within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it. *Tarlecka* v. *Morgan* (1932), 125 Ohio St. 319.

A servant who departs from his employment to engage in affairs of his own relieves the master from liabilities for his acts. *Railway* v. *Shields* (1890), 47 Ohio St. 387; *White Oak Coal Co.* v. *Rivoux* (1913), 88 Ohio St. 18.

It is recognized, however, that not every deviation from the strict course of duty is a departure such as will relieve a master of liability for the acts of a servant. The fact that a servant, while performing his duty to his master, incidentally does something for himself or a third person, does not automatically relieve the master from liability for negligence which causes injury to another. *Loughead Co.* v. *Hollenkamp* (1924), 3 Ohio Law Abs. 558.

To sever the servant from the scope of his employment, the act complained of must be such a divergence from his regular duties that its very character severs the relationship of master and servant. *Amstutz* v. *Prudential Ins. Co.* (1940), 136 Ohio St. 404. See, generally, 36 Ohio Jurisprudence 2d, Master and Servant, Section 386 *et seq.;*

53. American Jurisprudence 2d, Master and Servant, Section 426 *et seq.*

Also, related to the present case is the doctrine of apparent authority. Although ordinarily applied to principal and agent relationships, courts have also applied this doctrine to negligence cases involving the scope of employment issue. See 1 Restatement of Agency 2d, Section 265; 53 American Jurisprudence 2d, Master and Servant, Section 429.

This doctrine holds generally that, if the circumstances in a case are such that a master must be regarded as having held the servant out as authorized to render services or perform acts or work of a particular character, either for the plaintiff or the public generally, he may be held liable, on a doctrine substantially that of apparent authority, for injuries sustained through a reliance on the appearance of authority so existing. *Goodwin* v. *Rowe* (1913), 67 Ore. 1, 135 P. 171; 53 American Jurisprudence 2d, *supra.*

If, by reason of the position in which he is placed by his master, a servant is clothed with authority to invite or permit persons to enter a particular place, the master will be liable for the acts of the servant in pursuance of his appearance of authority to the same extent as if the master had himself issued the invitation or permission. *Christman* v. *Segal* (1941), 143 Pa. Super. 87, 17 A. 2d 676.

In *Christman,* the Superior Court reversed a Common Pleas Court judgment notwithstanding the verdict for the defendant in a personal injury case. The facts in the case indicate that a saleswoman in defendant's department store, at a plaintiff's request, directed the plaintiff to toilet facilities maintained for employees only. Upon reaching the toilet room at the rear of the store, a door suddenly opened across the aisle in front of the plaintiff and a boy emerged carrying an ironing board. To avoid him the plaintiff took one step backward and fell down a cellar access opening in the floor. The court held that both the permission granted and the manner in which the defendant's sales-

woman conducted the plaintiff to the toilet room were within the apparent scope of the clerk's authority and were chargeable to the defendant as his acts even though they may have exceeded the authority actually conferred.

In the present case, the act complained of, which resulted in the plaintiff's injury, was not the request for a beer but the invitation or permission for the plaintiff to enter defendant's office through the rear door of the building.

Construing the record most favorably toward the plaintiff, there is evidence that the defendant required a desk clerk to be present and on duty at the motel 24 hours a day. The desk clerk's meals were taken in an apartment adjoining the office and the doors between the office and the apartment were kept open. The record indicates that this meal was taken during the clerk's duty hours. There was substantial evidence that the desk clerk was on duty when she issued the alleged invitation and permission for the plaintiff to enter through the rear door. Plaintiff's testimony indicated that he relied on the clerk's authority to allow him to enter the office.

In view of this evidence and in light of the authorities previously cited, we conclude that, at the least, a factual question is presented as to whether defendant's clerk was engaging in defendant's business as well as her own; and that a factual question also exists as to whether defendant's clerk had apparent authority to issue an invitation to enter the office, upon which the plaintiff relied.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

O'NEILL, C. J., and STERN, J., dissent.

STERN, J., dissenting. The two issues in this cause are: (1) Was the action of the motel's room clerk in allegedly

requesting the plaintiff-guest to enter through a rear door marked "Employees Only" within the clerk's scope of employment so as to hold the motel owner liable as a matter of law for plaintiff's injuries? and (2) Did the evidence adduced at the trial show the plaintiff contributorily negligent as a matter of law?

As to the first issue, the fact that the act was done during the time of the servant's employment is not conclusive, nor is the intent of the servant conclusive. The question boils down to: Was the act done by virtue of the employment and in furtherance of the master's business? See Cooley on Torts (4 Ed.), 68-69, Section 396. In *Tarlecka* v. *Morgan* (1932), 125 Ohio St. 319, 181 N. E. 450, at page 324, this court stated:

"* * * The act of an agent is the act of the principal within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered * * *."

In order for plaintiff to recover damages for his injuries under the doctrine of respondeat superior, he must prove that the relationship of master and servant exists, between the tort-feasor and the person sought to be charged for the neglectful or wrongful act, at the time of, and in respect to, the transaction out of which the injuries arose. The servant's alleged request to plaintiff to bring her a beer and enter through a restricted door was not an act performed in the course of employment, nor could it be considered in any way to be in furtherance of the motel's business. Under the facts of this case, no issue was established sufficient to be submitted to the jury. In order to create a jury question, some evidence should have been presented indicating that the servant's acts in this regard were of some benefit to the furtherance of the motel's business and of its responsibility for the comfort and safety of its guests. The source of that authority, which renders a master liable under the doctrine of respondeat superior, lies with the master and never with the servant.

Assuming, *arguendo*, that under the circumstances the

question of ''scope of employment'' is a jury question, it is necessary to consider whether the plaintiff was contributorily negligent as a matter of law.

From a reading of the record, plaintiff's testimony is that he entered a door clearly marked ''Employees Only,'' that he found himself on a partially lighted landing intending to enter a lighted area, and that he stepped backwards into an area of total darkness, without taking any precautions for his own safety. There is no evidence to support plaintiff's claim that the motel owner could anticipate that a guest would enter a door marked ''Employees Only,'' and that the guest might, without looking, step off the landing and then fall down the stairs. Plaintiff's motivation might have been that of a ''good samaritan'' to provide liquid refreshment, but even one in such a generous and chivalrous mood has to act to protect himself from the ordinary hazards of darkness and flights of stairs.

Plaintiff's conduct is, in my opinion, classified as contributory negligence as a matter of law because he should have anticipated the danger involved in entering the area which caused his injury. In fact, I fail to see from the record any physical condition created by the defendant corporation which could be designated as negligence proximately causing plaintiff's injuries. The standard we are setting for this defendant is that it must foresee that guests will enter an area plainly marked ''Employees Only,'' and that it must therefore provide lights as some dubious protection for those guests who step without looking.

I agree with the dissenting opinion filed in this case in the Court of Appeals, and I also concur with the trial judge's action in sustaining the defendant's motion for judgment notwithstanding the verdict.

O'NEILL, C. J., concurs in the foregoing dissenting opinion.