## Society National Bank v. Hardmon
*[Cite as 7 AOA 314]*

*Case No. 57098, 57206*

*Cuyahoga County, (8th)*
*Decided October 11, 1990*

*Christopher McCauley, Weltman, Weinberg & Assoc., 33 Public Square, Sixth Floor, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Stephen Walker, 1340 Sumner Court, The Brownell Building, Cleveland, Ohio 44115, for Defendant-Appellant.*

HOFSTETTER, J.

Defendant, Mary Lou Hardmon purchased a 1986 Chrysler Fifth Avenue automobile from Euclid Chrysler Plymouth on August 7, 1986. In order to finance the purchase price, defendant executed an installment loan disclosure and security agreement with plaintiff, Society National Bank, in the amount of $18,178.78. The defendant was unable to make the monthly payments and on or about January 20, 1987, defendant voluntarily returned the automobile to Society Bank's designee, Banker's Motor Vehicle, an established dealer and auctioneer of repossessed automobiles.

The evidence introduced at trial showed that the vehicle was prepared for sale in the ordinary course of business, and that the vehicle was sold at a public auction. The vehicle was sold for $10,050. The evidence indicated that the sale proceeds were properly applied to defendant's loan balance and that after all other proper credits were given, the principal balance due on the loan was $6,107.31[1]

Plaintiff filed a complaint against defendant alleging an amount due and owing of $6,447.00. Defendant filed an answer and counterclaim based upon the bank's disposition of the collateral in violation of R.C. 1309.47(C)[2] and prayed for damages.

A jury trial was held wherein the jury found against plaintiff on its complaint and found for defendant on her counterclaim awarding her damages in the amount of $3,000. Plaintiff then filed a Motion for Judgment Notwithstanding the Verdict (hereinafter JNOV) or New Trial. The defendant filed a Motion for Additur on the grounds that the verdict was inadequate and as a matter of law, pursuant to R.C. 1309.50(A), she was entitled to a greater sum.[3] On December 21, 1988 the trial court denied the plaintiff's motion for JNOV on its complaint. However, the trial court granted plaintiff's motion for JNOV on defendant's counterclaim thus, implicitly overruling defendant's motion for additur. The court's judgment entry stated:

"Plaintiff's Motion for Judgment Notwithstanding the Verdict is granted in part and denied in part. The jury's verdict on the complaint shall stand. The jury could, and apparently did, reasonably conclude that the collateral in question was not sold in a commercially reasonable manner. The court will not disturb the jury's judgment in that regard.

"Upon due consideration the court finds the plaintiff's arguments persuasive with regard to the jury's verdict on defendant's counterclaim. Therefore, the jury's verdict on the counterclaim notwithstanding judgment is hereby entered for plaintiff."

Each party shall pay its own costs.

The trial court's ruling on the post trial motions established an inconsistent verdict. By denying plaintiff's motion for JNOV on its complaint, the trial court let stand the jury's finding that plaintiff's sale of the vehicle was "commercially unreasonable." The jury's finding of commercial unreasonability therefore entitled defendant to damages in the amount prescribed by R.C. 1309.50(A). However, the trial court let the jury's factual determination stand, but disallowed damages which defendant was entitled to as a matter of law.

In this consolidated appeal, both parties contest the trial court's rulings on their post verdict motions. Plaintiff claims that it was entitled to a JNOV on its complaint and defendant argues that it was error for the trial court not to grant her motion for additur.[4]

I

We will jointly address plaintiff's sole assignment of error and defendant's first assignment of error as the issue in both is whether the jury's finding, that the sale was not conducted in a commercially reasonable procedure pursuant to R.C. 1309.47, was supported by sufficient evidence.

R.C. 1309.47 provides for the secured party's right to dispose of collateral after a

default in payment. Section (C) of that statute specifies the procedure to follow if the collateral is disposed of by public or private sale. It reads in part, "Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms *but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.*" (Emphasis added.)

In *Peoples Acceptance Corp. v. Van Epps* (1978), 60 Ohio App. 2d 100, paragraph one of the syllabus, the court held:

"Where the purchaser of an automobile defaults on his monthly payments and the secured party repossesses the automobile, *the secured party must bear the burden of proving that every aspect of the repossession sale is commercially reasonable in accordance with R.C. 1309.47(C) and that the subsequent deficiency judgment, where taken, is valid.*" (Emphasis added.)

Appellate review of a Civ. R. 50(B) motion for JNOV involves the same test applied in reviewing a motion for a directed verdict: assuming the truth of the evidence presented by the non-moving party, we must construe that evidence in the light most favorable to the non-moving party and determine whether there is sufficient evidence relating to the essential issue to permit reasonable minds to reach different conclusions on that issue. *Helmick v. Republican-Franklin Insurance Co.* (1988), 39 Ohio St. 3d 71, 74. *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St. 2d 271, 275; *Rinehart v. Toledo Blade, Inc.* (1985), 21 Ohio App. 3d 274.

In the present case the evidence at trial showed that plaintiff bank met its burden of proving that the collateral was sold in a "commercially reasonable" manner. The evidence showed that the vehicle was voluntarily surrendered and prepared for sale in the bank's usual and customary method through a recognized dealer in repossessed vehicles. The record lacks evidence which indicated that the bank's practices were unreasonable. However, R.C. 1309.47(C) requires not only that the secured party prove that the disposition of collateral was made in a commercially reasonable manner but also that the secured party provided notice to the debtor pursuant to R.C. 1309.47(C). The record as approved and amended by the trial court does not contain any evidence that defendant was provided the requisite statutory notice of the sale pursuant to R.C. 1309.47(C). The

record before us shows that plaintiff failed to meet its burden of demonstrating that defendant had received notice of the sale. Assuming the truth of the evidence presented by the non-moving party, and construing that evidence in the light most favorable to the non-moving party, we determine that there was sufficient evidence relating to the essential issue of whether or not defendant received notice to permit reasonable minds to reach different conclusions. Thus it was error for the trial court to grant plaintiff JNOV on defendant's counterclaim.

The trial court's grant of plaintiff's motion for JNOV on defendant's counterclaim is reversed. The trial court's denial of plaintiff's motion for JNOV on its complaint is affirmed.

The jury's verdict for defendant on her counterclaim is affirmed.

II

In her second assignment of error defendant argues that the trial court erred in refusing her proffered instruction on the calculation of damages.

The record indicates defendant submitted in writing jury instructions on the issue of damages which set forth, pursuant to R.C. 1309.50(A), the formula for the calculation of damages.[5] Upon the court's refusal to use the instructions, defendant timely objected and proffered the instruction pursuant to Civ. R. 51(A).[6]

"A special rule of recovery is provided by the code with respect to consumer goods. It states that if the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time differential plus ten percent of the cash price. In other words there is an automatic minimum penalty for a sale of repossessed consumer goods which is conducted in violation of R.C. 1309.44 *et seq. While the above code provision is phrased mainly in terms of improper disposition of the collateral, it would appear that the secured party's liability is not limited to liability for such disposition, since the provision also speaks in terms of failure to comply with all the default provisions of the Code. It thus appears to be a general rule of liability for any improper act on the part of the secured party after default, with particular emphasis on liability for improper disposition.*" 83 Ohio Jurisprudence 3d (1988) 432, Secured Transactions, Section 432. (Emphasis added.)

The remedy for plaintiff 's claim was set forth in R.C. 1309.50(A) and the court erred in not giving the legally correct and relevant instruction on damages to the jury.

Since we have determined that the trial court erred in granting JNOV for the plaintiff on defendant's counterclaim, judgment is hereby entered for defendant on her counterclaim in the amount of $7,115.05 which represents the credit service charge of $5,297.18 as reflected in the contract of sale, plus $1,817.87, which is ten percent of the principal amount of the debt financed. R.C. 1309.50(A).

KRUPANSKY, P.J., and MCMANAMON J., concur.

Judge Edwin T. Hofstetter, Retired, of the Eleventh District Court of Appeals, sitting by Assignment.

### APPENDIX

Defendant's assignments of error are:
"I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ON DEFENDANT'S COUNTERCLAIM, EFFECTIVELY OVERRULING HER MOTION FOR ADDITUR.

"II. THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE THE REQUESTED INSTRUCTION IN ACCORDANCE WITH R.C. 1309.50(A)."

Plaintiff's assignment of error is:
"THE TRIAL COURT ERRED IN FAILING TO GRANT JUDGMENT NOTWITHSTANDING THE VERDICT OF THE JURY ON THE ISSUE OF THE COMMERCIAL REASONABLENESS OF COLLATERAL DISPOSITION WHERE THE UNCONTROVERTED EVIDENCE BEFORE THE COURT DEMONSTRATED THAT ALL ASPECTS OF THE DISPOSITION WERE PERFORMED PURSUANT TO STANDARD PROCEDURE."

---

[1] A settled and approved App. R. 9(C) statement of the evidence was filed with this court.

[2] R.C. 1309.47(C) provides:

(C) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. *Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, timeplace, and terms must be commercially reasonable.* Unless collateral is perishable or threatens to decline speedily in value or is a type customarily sold on a recognized market, *reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale.* In the case of consumer goods no other notification need be sent. In other cases, notification shall be sent to any other secured party from whom the secured party has received, before sending his notification to the debtor or before the debtor's renunciation of his rights, written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale. (Emphasis added.)

[3] R.C. 1309.50(A) provides for the calculation of damages if it is determined that the secured party did not proceed according to Sections 1309.44 to 1309.50:

(A) If it is established that the secured party is not proceeding in accordance with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code, disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code. *If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price.* (Emphasis added.)

[4] See Appendix.

[5] R.C. 1309.50 (VCC-9-507) Secured party's liability for failure to comply:

(A) If it is established that the secured party is not proceeding in accordance with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code, disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code. *If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent of the principal amount of*

318

*the debt or the time price differential plus ten per cent of the cash price.* (Emphasis added.)

[6] Civ. R. 51(A) provides:

(A) A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. ***.