Defendant-appellant Erin Fatigati appeals from an order of the Parma Municipal Court granting plaintiff-appellee Bedford Nissan's motion for judgment notwithstanding the verdict.
This case arises out of a multiple vehicle collision in stop-and-go traffic. Ultimately four vehicles were involved. Defendant Fatigati's vehicle struck the second car, driven by David Nicolay, which struck the third vehicle, owned by plaintiff Bedford Nissan, which struck the fourth vehicle, a tow truck.
Numerous issues were resolved and the parties entered into extensive stipulations prior to trial. Defendant Fatigati admitted liability and the sole issue submitted to the jury was the amount of property damage to the Bedford Nissan vehicle. The vehicle sustained $273.49 in damage to the rear end and $2,914.84 in damage to the front end, which struck the boom of the tow truck. Defendant did not dispute that she was responsible for the damage to the rear of the Bedford Nissan vehicle, but disputed whether she was responsible for the damage to the front end.
The parties each presented testimony from one witness: Joseph Stokar, an employee of Bedford Nissan who was driving its vehicle, testified, and defendant Fatigati thereafter testified on her own behalf. Bedford Nissan's theory of the case was that its vehicle was struck in the rear by the Nicolay vehicle, which forced it into the tow truck. Fatigati argued that the Bedford Nissan vehicle struck the tow truck before it was struck in the rear by the Nicolay vehicle.
Seven jurors returned a verdict finding Fatigati liable for only the $273.49 in damage to the rear end of the Bedford Nissan vehicle. The trial court thereafter granted judgment notwithstanding the jury verdict for Bedford Nissan in the total amount of the damage to its vehicle. The trial court's journal entry states as follows:
 This cause came on to be heard upon plaintiff's Motion for Judgment Notwithstanding the Verdict pursuant to O.R.C. 50(B).
 This Court finds that the parties stipulated that the total damages to the vehicle owned by Bedford Nissan, Inc. amounted to $3,188.33. Of that amount, $273.49 represented the cost of repairs to the rear of the vehicle, and $2,914.84 represented the cost of repairs to the front of the vehicle. It was further stipulated that defendant Fatagati [sic] rear-ended a vehicle operated by David Nicolay, which caused the Nicolay vehicle to move forward into the rear of the vehicle owned by plaintiff Bedford Nissan, Inc. and operated by Joe Stokar.
 Defendant Fatagati [sic] admitted responsibility for the rear-end damages to the Bedford Nissan vehicle which totaled $273.49.
 The issue for the determination of the jury was whether the impacts initiated by defendant Fatagati [sic] caused the Bedford Nissan vehicle to strike a tow truck that was stopped in front of it with resulting damages of $2,914.84 [to the front end of the vehicle].
 The only witnesses at trial were Joe Stokar and Erin Fatagati [sic]. Mr. Stokar, the driver of the Bedford Nissan vehicle, testified that he was stopped directly behind a tow truck and was struck from behind as a result of the chain reaction collision initiated by defendant Fatagati [sic]. As a result of the rear-end impact, the Bedford Nissan vehicle was pushed forward into a winch on the back of the tow truck. The winch impaled the front end of the Bedford Nissan vehicle at a point above the bumper. Since the winch did not impact the front bumper, it struck the grille, radiator and hood, which resulted in damages totaling $2,914.84.
 Instead, defendant Fatagati [sic] argued that the damage to the front bumper of her vehicle, both bumpers of the Nicolay vehicle and the rear bumper of the Bedford Nissan vehicle were only several hundred dollars each. On that basis, defendant Fatagati [sic] argued that the high cost of the front end damage to the Bedford Nissan vehicle could not have been the result of the chain reaction collision.
 This Court finds that Mr. Stokar testified that vehicle bumpers are designed to absorb and withstand low speed impacts with minimal damage. However, Mr. Stokar further testified that the winch on the tow truck impaled parts of the vehicle that are not designed to withstand impact, but are designed to crumble up and absorb impact. This testimony was unrebutted by defendant Fatagati [sic]. Thus, Mr. Stokar's firsthand account of the facts of the accident and Mr. Stokar's explanation for the front end damage to the Bedford Nissan vehicle were unrebutted.
 On the basis of the evidence submitted to the jury, this Court finds that reasonable minds can come to but one conclusion as to the manner in which plaintiff's vehicle was damaged, and that conclusion is adverse to the defendant. Since the jury's decision is inconsistent with the evidence presented, it is hereby ordered that the decision of the jury be set aside and that judgment be entered in favor of the plaintiffs in the amount of $3,188.33, together with the costs of this action.
Fatigati timely appeals, raising the following sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
This assignment lacks merit.
Defendant argues the trial court improperly granted judgment notwithstanding the verdict, because the verdict was based upon sufficient evidence. She argues the jury could properly find, from the evidence introduced at trial, that she caused only the damage to the rear end of the Bedford Nissan vehicle. We disagree.
The Ohio Supreme Court has summarized the standard governing motions for judgment notwithstanding the verdict as follows:
 The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.
Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271,275. After reviewing the record in compliance with this standard, we conclude that defendant has failed to show any error.
The sole question in this case was the extent of damages to the Bedford Nissan vehicle caused by Fatigati. The record in this case shows that Stokar, the driver of the Bedford Nissan vehicle, testified that Fatigati caused all the damage to the vehicle Stokar was driving. The defense presented no evidence to the contrary to support the jury's award of damages to only the rear end of the Bedford Nissan vehicle.
The record shows that Fatigati was two to three vehicles behind the collision with the Bedford Nissan so that she was unable to specifically observe what occurred. Fatigati admitted, moreover, she did not see the Bedford Nissan vehicle strike the tow truck. She did not even see the Nicolay vehicle strike the Bedford Nissan vehicle. Finally, she did not present any testimony from either the driver of the vehicle in front of her or the driver of the tow truck which collided with the Bedford Nissan vehicle. Without further testimony there was no basis for the jury to infer that there were two separate collisions.
On the other hand, Stokar, the driver of the Bedford Nissan vehicle, specifically negated the claim that he had struck the tow truck before he was struck by the vehicle pushed into him. He testified as follows:
 A. I came to a stop behind the truck. I was waiting for the traffic to start moving again. I felt a jar from behind, looked up, saw my hood crinkled in the front end.
* * *
 Q. * * * when you felt the impact, was your vehicle stopped or moving?
A. It was stopped.
* * *
 Q. Did you rear end the tow truck before being struck from behind?
A. No. Absolutely not. No.
(Tr. 19-20.) As noted by the trial court, he then explained at length why the damage to the front end was more expensive than to the rear end of the vehicle. The front end collided with the boom on the tow truck, whereas the rear end collision occurred between the bumper of two vehicles.
Fatigati did not offer any testimony to the contrary. Her testimony was specifically limited as follows:
 Q. Did you see Mr. Nicolay [the driver of the second car] and his car go into the car [owned by Bedford Nissan) in front of him?
 A. No. I didn't even realize that another accident had happened until I was up next to Mr. Nicolay's driver's door.
 Q. Did you see a tow truck somewhere around there?
 A. After — not until after, again I was talking to Mr. Nicolay, and saw the accident that occurred in front of us.
* * *
 Q. Now, were you aware of having pushed Mr. Nicolay's car into the car in front of it, and then having that car pushed into the tow truck?
 A. No, I didn't believe the impact was that great. There was little visible damage to our cars.
(Tr. 34-35.)
Finally, during cross-examination, counsel for plaintiff clarified that Fatigati had no personal knowledge that the Bedford Nissan vehicle struck the tow truck before the Nicolay vehicle was pushed into it. The following colloquy evinced this lack of personal knowledge:
 Q. I just want to make sure, you have no idea whether there was an impact between Stokar [driving the Bedford Nissan] and the tow truck before your accident, do you?
A. No. I'm sorry.
* * *
 Q. You could not see that far ahead. All you saw were the brake lights on the Taurus [driven by Mr. Nicolay] —
A. That's all I realized, yes.
 Q. So far as whatever happened up here, you don't know?
A. No.
(Tr. 36.)
Defendant stipulated that she was liable for all damages caused by the collision. For the jury to find that she was responsible for the damage only to the rear end of the Bedford Nissan vehicle, it was necessary to speculate that there were two separate collisions and that the Bedford Nissan vehicle struck the tow truck before the chain reaction struck it from behind. Reasonable minds could not infer, by a preponderance of the evidence, that such a phantom accident occurred in this case. As a result, defendant has failed to show any error by the trial court.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, A.J., and TIMOTHY E. McMONAGLE, J.,CONCUR.
 _______________________________ DIANE KARPINSKI JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).