DECISION AND JOURNAL ENTRY
Evelyn Benner appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of American Home Improvement Products, Inc. ("AHI") and Sears Roebuck and Company ("Sears"). We affirm.
Benner contacted Sears about replacement windows for her home. To follow up on the potential sale, Sears contacted AHI, an independent contractor. AHI sent Richard Dooley, one of its employees, to Benner's home to inspect her windows and attempt to sell her replacement windows. Benner alleges that Dooley sexually assaulted her while he was at her home.
Benner filed a complaint against Dooley, AHI, and Sears. Benner claimed that Dooley was acting within the course and scope of his employment with AHI and as an agent or employee of Sears, and therefore, AHI and Sears were liable for Dooley's actions under the theory of respondeat superior.[1]
Sears and AHI filed a joint motion for summary judgment asserting that, because Dooley was not acting within the course and scope of his employment for AHI or as an agent for Sears at the time of the alleged incident, neither corporation is vicariously liable. Benner argued that Dooley was acting within the course and scope of his employment because he was promoting his employers' business at the time of the incident. Benner further contended that the issue of whether Dooley was acting within the scope of his employment is a question of fact to be decided by the jury. The trial court found that reasonable minds could only conclude that Dooley's act was not calculated to facilitate or promote his employer's business, and that summary judgment was appropriate.
Benner appeals, asserting one assignment of error:
ASSIGNMENT OF ERROR
 The trial court erred to the prejudice of Plaintiff-Appellant Evelyn Benner by finding that Defendants-Appellees, American Home Improvement Products, Inc. and Sears Roebuck Company are entitled to judgment as a matter of law.
 Benner claims that the trial court erred in granting summary judgment because, even where an employee commits a sexual assault, the issue of whether an employee is acting within the scope of his employment is a question of fact to be decided by a jury. We disagree.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court.Perkins v. Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327.
"It is well-established that in order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment."Byrd v. Faber (1991) 57 Ohio St.3d 56, 58. "`[W]here the tort is intentional, * * * the behavior giving rise to the tort must be `calculated to facilitate or promote the business for which the servant was employed * * *.'" Id., quoting Little Miami RR. Co.v. Wetmore (1869), 19 Ohio St. 110, 132. The question of whether an employee is acting within the scope of employment is usually a question of fact to be decided by the jury. Osborne v. Lyles
(1992), 63 Ohio St.3d 326, 330, citing Posin v. A.B.C. Motor CourtHotel (1976), 45 Ohio St.2d 271. However, when the facts are undisputed and reasonable minds can come to but one conclusion, the issue regarding the scope of employment becomes a question of law. Id.
Benner contends that AHI and Sears should be held liable for Dooley's actions because Dooley was facilitating his employers' business when he was sent to make the sales call at Benner's house and the incident occurred. We disagree.
 All the evidence suggests that Dooley's act was an independent self-serving pursuit unrelated to the businesses of AHI and Sears, and that the sexual assault in no way facilitates or promotes the business of AHI and Sears. See Byrd, supra at 59 (The Ohio Supreme Court explained that an "employer would not be liable if an employee physically assaulted a patron without provocation[,]" and that "`an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor.'" quoting Vrabel v. Acri (1952), 156 Ohio St. 467, 474).
Accordingly, we find that the record is devoid of any evidence by which reasonable minds could have concluded that Dooley was acting within the scope of his employment at the time of the sexual assault. For this reason, we find there are no genuine issues of material fact and the lower court did not err in concluding AHI and Sears were entitled to judgment as a matter of law. Benner's assignment of error is not well taken.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ DANIEL B. QUILLIN
BATCHELDER, P. J., SLABY, J., CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Benner also alleged that AHI and Sears are liable for Dooley's actions based on negligent hiring or supervision. Despite the fact that the trial court granted summary judgment to AHI and Sears on this claim, Benner has not appealed that portion of the trial court's judgment.