DECISION AND JUDGMENT ENTRY
{¶ 1} On October 27, 1997, Orland Leadingham filed a lawsuit in which he alleged that Frank Edward Ciraso, Jr. had defamed him by publishing false accusations about criminal conduct allegedly engaged in by Mr. Leadingham. Mr. Ciraso filed an answer and a counterclaim in which he alleged that Mr. Leadingham's lawsuit was a frivolous action.
 {¶ 2} Later in 1997, Mr. Leadingham amended his complaint to add additional defendants to the litigation, but the lawsuit continued to center upon articles and/or letters written by Mr. Ciraso and published in the Shawnee Sentinel.
 {¶ 3} The case ultimately proceeded to trial in September of 2001. A jury awarded Mr. Leadingham unspecified damages of $2,000.
 {¶ 4} Mr. Ciraso filed a motion for a new trial under Civ.R. 59(A), arguing that he had been harmed when the trial judge allowed the case to proceed to trial without forcing the other defendants named in the amended complaint to go to trial at the same time. Mr. Ciraso filed a separate motion seeking judgment notwithstanding the verdict, arguing that no damages had been demonstrated. Both motions were denied.
 {¶ 5} Mr. Ciraso (hereinafter "appellant") has now pursued a direct appeal, assigning the following errors for our consideration:
 {¶ 6} "ASSIGNMENT OF ERROR NO. 1: The Trial Court Erred in Failing to Grant Mr. Ciraso a Judgment Notwithstanding the Verdict as Mr. Ciraso's Letter Concerning Mr. Crawford's Official Report From the State Fire Marshall was Privileged and Could Not Constitute Slander.
 {¶ 7} "ASSIGNMENT OF ERROR NO. 2: The Trial Court Erred in Failing to Grant Mr. Ciraso a Judgment Notwithstanding the Verdict as There was no Competent or Credible Evidence Supporting the Jury's Decision in This Case.
 {¶ 8} "ASSIGNMENT OF ERROR NO. 3: The Trial Court Abused Its Discretion in Separating Mr. Ciraso's Trial From the Shawnee Sentinel
Defendants in the Instant Case."
 {¶ 9} As to the third assignment of error, we find no abuse of discretion by the trial judge in allowing the case to proceed to trial with only the original defendant's liability being determined. Experienced legal counsel such as the counsel in this case know that all or major parts of lawsuits are routinely settled on the morning of trial. Furthermore, plaintiffs such as Mr. Leadingham (hereinafter "appellee") have the power to dismiss the case with respect to any or almost all of the named defendants under Civ.R. 41, so long as the dismissal occurs before trial actually commences. Here, the trial judge, rather than completely delay a case which had been pending in the courts for almost four years, chose to proceed to trial as to the original, key defendant. This choice was reasonable under the circumstances.
 {¶ 10} Accordingly, the third assignment of error is overruled.
 {¶ 11} In the first and second assignments of error, appellant questions the failure of the trial judge to overturn the jury verdict of $2,000.
 {¶ 12} The standard for granting a motion for judgment notwithstanding the verdict, or in the alternative, a motion for a new trial, is the same standard for the granting of a motion for a directed verdict. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 679, citing Wagner v. Roche Laboratories (1996), 116, 121. The evidence adduced at trial and the admissions in the record must be construed most strongly in favor of the party against whom the motion is made. Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271,275. The court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of the motion. Wagner at 119, quoting Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284. Where there is substantial, competent evidence to support the party against whom the motion is made, upon which reasonable minds may differ, the motion must be denied. Wagner at 119.
 {¶ 13} Allegations of criminal conduct, when published in written form, are generally libel per se if the allegations of criminal conduct are not true. See Gilbert v. WNIR 100 FM (2001), 142 Ohio App.3d 725,742, discretionary appeal not allowed in (2001), 93 Ohio St.3d 1413;Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc. (1992),81 Ohio App.3d 591, 601; Darby v. Ciraso (Sept. 19, 2000), Scioto App. No. 99CA2657. Appellant published two separate sets of allegations. First, he wrote that appellee had caused his own house to be burned down so that appellee could receive the insurance proceeds. Second, appellant wrote that appellee had asked another man to kill a woman named Becky Tudor. The first set of allegations, if true, would constitute complicity in arson or complicity in aggravated arson. The second set of allegations, if true, would constitute attempted conspiracy in or attempted complicity in aggravated murder — also a crime.
 {¶ 14} Because appellant accused appellee of criminal conduct, appellee did not have to prove actual damages in order to receive at least a nominal jury award. See, generally, McCartney v. Oblates of St. FrancisdeSales (1992), 80 Ohio App.3d 345, 354, motion to certify overruled in (1992), 65 Ohio St.3d 1443. Counsel for appellant has acknowledged at oral argument that case law supports an award of $2,000 as "nominal" damages, at least in the context of a lawsuit which claims $10,000,000 in damages. Thus, the only question to be reviewed on appeal is whether or not some competent evidence existed to support liability against appellant.
 {¶ 15} We cannot tell on appeal whether the jury awarded $2,000 based upon a finding that appellant falsely accused appellee of attempted complicity in arson, based upon a finding that appellant falsely accused appellee of attempted complicity or conspiracy in aggravated murder, or based upon a mixture of both sets of accusations. The record before us contains no jury interrogatories to help us understand the jury's thinking.
 {¶ 16} The record before us contains a wealth of material which, if believed, would support a reasonable belief that appellee had his own house burned. The record contains almost no evidence to support the allegation that appellee sought to have Becky Tudor killed. Since the verdict could have been based upon the Tudor allegations alone, we cannot find that the verdict was against the manifest weight of the evidence or was inconsistent with the applicable law.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} The first assignment of error attacks the jury verdict on the theory that a state fire marshal's report supports appellant's accusation as to complicity in arson. However, since the jury verdict cannot be demonstrated to rest upon the arson allegation, as opposed to attempted conspiracy or complicity in aggravated murder, we cannot say that any prejudicial error occurred. The fire marshal's report is irrelevant as to the claim that appellee sought to have Becky Tudor killed, and the Becky Tudor accusations would in and of themselves support a nominal award for libel per se.
 {¶ 19} The first assignment of error is overruled.
 {¶ 20} All the assignments of error being overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
KLINE and EVANS, JJ., concur.
TYACK, J., of the Tenth Appellate District, sitting by assignment in the Fourth Appellate District.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that the appellee recover from appellants the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J. and Evans, J.: Concur in Judgment and Opinion
TYACK, J., of the Tenth Appellate District, sitting by assignment in the Fourth Appellate District.