OPINION JUDGMENT ENTRY
{¶ 1} Appellant Kimble Mixer Company ("Kimble") appeals the decision of the Tuscarawas County Court of Common Pleas that granted Appellee Bruce Hall and Bruce Hall Co., L.P.A.'s ("Hall") motion for a directed verdict. The following facts give rise to this appeal.
 {¶ 2} Bruce Hall is a solo practitioner and served as the attorney for Defendant James St. Vincent ("St. Vincent"). Hall had a long business relationship with St. Vincent and his other business entities from at least 1992. In November 1994, Kimble, a manufacturer of cement mixers and trucks, and St. Vincent entered into a management services agreement whereby St. Vincent and his corporation, Montville Aircraft Corporation, agreed to provide the management of manufacturing and all the engineering and marketing necessary to sell the products of Kimble.
 {¶ 3} The agreement contained a covenant not to compete which prohibited St. Vincent from sharing product rights or knowledge for a period of three years after termination of the agreement. The agreement also provided that St. Vincent's only compensation was an advance of $7,000 a month, for six months. After the expiration of the six-month period, St. Vincent would receive compensation based upon the profitability of Kimble.
 {¶ 4} In 2001, Kimble discovered that St. Vincent had embezzled in excess of $1.6 million dollars. An investigation revealed that since 1992, Hall permitted St. Vincent to deposit much of the $1.6 million into Hall's IOLTA account. St. Vincent deposited a total of sixty-one checks into Hall's IOLTA account. The checks totaled $559,600.96. Theses checks included three checks upon which St. Vincent forged Kimble's endorsement. After accepting the deposits, Hall permitted St. Vincent to use the IOLTA account as his personal checking account. St. Vincent would direct Hall regarding the withdrawal of funds. Twenty-seven of the checks Hall wrote to St. Vincent or his companies, from the IOLTA account, were individually equal to or greater than $10,000.
 {¶ 5} Upon discovery of these activities, Kimble filed a complaint, against St. Vincent and several entities operated by St. Vincent, for breach of contract, fraud, bad faith, conversion and piercing the corporate veil. Kimble subsequently amended the complaint to include claims against Hall, individually, and Bruce Hall Co., L.P.A., for conversion, civil conspiracy, civil aiding and abetting, fraudulent conveyance and legal malpractice.
 {¶ 6} This matter went to trial in December 2002. At the close of all the evidence, Hall filed a motion for a directed verdict on all of the claims against him. The trial court granted Hall's motion on December 23, 2002. Following deliberations, the jury granted Kimble judgment, against St. Vincent, on the counts of breach of contract, fraud and conversion. The jury awarded Kimble $2.1 million in compensatory damages and $2.9 million in punitive damages. On January 10, 2003, St. Vincent filed a petition for bankruptcy in federal district court in Florida. As a result, the trial court has not determined attorney's fees in this matter, which the jury also awarded Kimble.
 {¶ 7} Kimble timely filed a notice of appeal and sets forth the following assignments of error for our consideration:[1]
 {¶ 8} "I. The trial court erred in granting the defendant-appellees' motion for directed verdict on plaintiff's claim of conversion.
 {¶ 9} "II. The trial court erred in granting the defendant-appellees' motion for directed verdict on plaintiff's claim of civil conspiracy.
 {¶ 10} "III. The trial court erred in granting the defendant-appellees' motion for directed verdict on plaintiff's claim of civil aiding and abetting.
 {¶ 11} "IV. The trial court erred in granting the defendant-appellees' motion for directed verdict on plaintiff's claim of fraudulent conveyance.
 {¶ 12} "V. The trial court erred in granting the defendant-appellees' motion for directed verdict on plaintiff's claim of legal malpractice."
 "Standard of Review" {¶ 13} Under Civ.R. 50(A) and (B), the standard of review of a ruling on a motion for a directed verdict is as follows: "The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination * * *." Posin v. A.B.C. Motor Court Hotel, Inc.
(1976), 45 Ohio St.2d 271, 275.
 {¶ 14} This "reasonable minds" test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party.Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119-120. Our review of the trial court's disposition of these motions is de novo. Dramble v. Marc W. Lawrence Bldg. Corp., Stark App. Nos. 2001CA00332, and 2002CA00337, 2002-Ohio-4752, at ¶ 17.
 I, II, III, IV, V {¶ 15} We will address Kimble's five assignments of error simultaneously. Kimble's assignments of error concern the trial court's decision to grant Hall's motion for a directed verdict on Kimble's claims for conversion, civil conspiracy, civil aiding and abetting, fraudulent conveyance and legal malpractice. We remand this matter, to the trial court, for the court to comply with Civ.R. 50(E).
 {¶ 16} Civ.R. 50 concerns both motions for a directed verdict and for judgment notwithstanding the verdict. Civ.R. 50(A)(4) addresses when a motion for a directed verdict should be granted on the evidence. This rule states:
 {¶ 17} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 18} For purposes of considering the issues presented in this appeal, we find Civ.R. 50(E) pertinent. This rule provides:
 {¶ 19} "When in a jury trial a court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment."
 {¶ 20} We have reviewed the record in this matter and conclude the trial court did not comply with Civ.R. 50(E). In its judgment entry, the trial court stated the following when it granted Hall's motion for a directed verdict on Kimble's claims:
 {¶ 21} "Bruce Hall's and Bruce Hall Co., L.P.A.'s Motion forDirected Verdict against Kimble Mixer Company relative to all claims against Defendants Bruce Hall and Bruce Hall Co., L.P.A. by Plaintiff should be Granted. The undersigned concludes that after construing the evidence most strongly in favor of the Kimble Mixer Company, the party against whom the Motion is directed, that upon any determinative issue, reasonable minds could come to but one conclusion upon the evidence submitted relative to the causes of action of Kimble Mixer Company against Bruce Hall and Bruce Hall Co., L.P.A. and that conclusion is adverse to the Kimble Mixer Company. Specifically, the undersigned concludes that based on the evidence presented at Trial relative to the Kimble Mixer Company's claims/causes of action against Defendants Bruce Hall and Bruce Hall Co., L.P.A., reasonable minds could not conclude that Plaintiff has proved by a preponderance of the evidence any of the causes of action in Plaintiff's Third Amended Complaint directed against Defendants Bruce Hall and Bruce Hall Co., L.P.A. Consequently, Plaintiff'sThird Amended Complaint against Defendants Bruce Hall and Bruce Hall Co., L.P.A., all causes of action, should be dismissed with prejudice to refiling and Bruce Hall and Bruce Hall Company, L.P.A., dismissed as Party Defendants in this litigation. (Emphasis sic.) Judgment Entry, Dec. 23, 2002, at 4-5.
 {¶ 22} Although Civ.R. 52 regarding findings of fact and conclusions of law is inapplicable in the case of a directed verdict, the trial court, under Civ.R. 50(E), is required to make a statement of the basis of its decision. See Kauffman v. IndianVillage Motors, Inc. (Dec. 4, 1985), Tuscarawas App. No. 85 A. 04 028. In Sullins v. Univ. Hospitals of Cleveland, Cuyahoga App. No. 80444, 2003-Ohio-398, the Eighth District Court of Appeals explained the rationale for reversing an entry of a directed verdict that is unaccompanied by stated reasons. The court concluded:
 {¶ 23} "Rule 50(E) requires the trial court to narrow its focus to the particular area of deficiency alleged by the movant. By doing so, an unsuccessful non-movant is put on notice as to where the case has failed. This permits the non-movant a realistic and practical basis upon which to decide whether or not to seek review of the decision. The rule also enables a reviewing court to refrain from expending inordinate resources in reviewing an entire record to see if every element of every claim has been established in the absence of a prior suggestion by the trial court that they have not been. Id. at ¶ 61.
 {¶ 24} Although the court in Sullins concluded that appellant waived any argument under Civ.R. 50(E), by not objecting, we conclude differently. In Sullins, appellant assigned as error the trial court's failure to state its reasons for granting the directed verdict. Id. at ¶ 59. The Eighth District Court of Appeals concluded appellant waived this argument by not raising it before the trial court. Id. at ¶ 62. However, in the case sub judice, we find it necessary to raise this issue in order to address the assignments of error contained in Kimble's brief.
 {¶ 25} Accordingly, we remand this matter, to the trial court, for the limited purpose of permitting the trial court to state its specific reasons for granting Hall's motion for a directed verdict as it pertains to the particular area of deficiency on each of Kimble's claims against Hall. The trial court shall state its reasons within forty-five days of this memorandum opinion and judgment entry. We will not address the merits of Kimble's First, Second, Third, Fourth or Fifth Assignments of Error as these issues are premature for consideration until we have the specific reasons, of the trial court, for granting Hall's motion for a directed verdict.
 {¶ 26} For the foregoing reasons, this matter is remanded to the Court of Common Pleas, Tuscarawas County, Ohio, for further proceedings consistent with this opinion.
Farmer, P.J., and Edwards, J., concur.
For the foregoing reasons, this matter is remanded, to the Court of Common Pleas, Tuscarawas County, Ohio, for the limited purpose of permitting the trial court to state its specific reasons for granting Hall's motion for a directed verdict as it pertains to Kimble's claims against Hall. The trial court shall state its reasons within forty-five days of this judgment entry. Appellant may supplement its brief within thirty days of the trial court's judgment entry. Appellees may supplement their brief within twenty days of the filing of appellant's brief. Appellant may file a reply brief within fifteen days of the filing of appellees' brief.
[1] Upon transcription of the proceedings, it was discovered that some testimony, including that of Joanne Hodges, Hall's former secretary, had not been preserved. Pursuant to App.R. 9(C), the trial court accepted the statement of Ms. Hodges in lieu of her testimony.