{¶ 37} I respectfully dissent.
 {¶ 38} With respect to appellants' first assignment of error, the majority contends that the trial court did not err in granting appellee's motion for a directed verdict. I disagree.
 {¶ 39} In the case at bar, the trial judge, in addressing the jury after the conclusion of all of the testimony, in a rather colorful and irreverent manner, stated:
 {¶ 40} "Ladies and Gentlemen, this is one of the reasons we have trials, to weed out the good cases and the bad cases.
 {¶ 41} "Unfortunately, you had to sit here for a day and a half on a — I will not use the language I would normally use, bad case.
 {¶ 42} "I just granted a motion for directed verdict. The case is over. I'm sorry that you had to listen to this. It's part of what the process entails. *Page 9 
 {¶ 43} "You really never know about a case until you get into it and listen to the evidence. At first when you file the complaint it sounds good, sound (sic) like yeah, it's a road rage case, somebody hit the other person and then I'm sure that you all agree, you heard the testimony, it was bull.
 {¶ 44} "* * *
 {¶ 45} "Again, this was — in eleven years of being a Judge, I have never heard such bull and I'm sorry to have wasted your time. * * *"
 {¶ 46} In the instant matter, after reviewing the record I cannot agree that, construing the evidence most strongly in favor of appellants, reasonable minds could only find for appellee on the negligence claim.
 {¶ 47} If the trial court found the evidence was so deficient as a matter of law, the trial court should have dismissed it after the plaintiffs closed their case.
 {¶ 48} The record on appeal reveals the following evidence: Appellant Dewey Willoughby noticed appellee tailgating him, blowing his horn, and making hand gestures, so he stopped the vehicle in the roadway and exited the car. Appellant Dewey Willoughby testified that he stood in the doorway of the PT Cruiser, pretty close to the car frame, with his arm extended past the vehicle door. Appellant Dewey Willoughby's positioning did not make him a "pedestrian," defined as "any natural person afoot[,]" which considers an individual in the process of walking. R.C. 4511.01(X). He testified that appellee revved his motor, put his vehicle into reverse, sped backwards, and took off, spinning his tires and heading toward him, coming extremely close to hitting his car. Appellant Dewey Willoughby pushed back his arm *Page 10 
and body, in self-defense, causing the hand of his outstretched arm to be hit and his body thrown back into the car frame.
 {¶ 49} According to appellee, no part of his vehicle ever struck the PT Cruiser and he sped away in order to avoid a confrontation.
 {¶ 50} Here, there was evidence presented from which a jury could have determined that appellee violated a duty of care when he drove his vehicle toward the PT Cruiser, close enough to cause severe injuries to appellant Dewey Willoughby. Whether appellant Dewey Willoughby was partially, or even principally, at fault was an issue for the jury to consider.
 {¶ 51} This writer believes that there was sufficient evidence to support appellants' negligence claim so that reasonable minds might reach different conclusions on this issue. Neither the weight of evidence nor the credibility of witnesses being matters for the trial court's determination on a motion for directed verdict, appellants' negligence claim should have been submitted to the jury. See Cook v.Blank, 11th Dist. No. 2007-T-0041, 2008-Ohio-5015, at ¶ 62, citingPosin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271, 275.
 {¶ 52} I believe appellants' first assignment of error is with merit, which would render their second assignment of error moot. See App. R. 12(A)(1)(c).
 {¶ 53} Accordingly, I would reverse and remand the judgment of the trial court.