The following appeal arises from the decision of the Mahoning County Court of Common Pleas overruling a motion for reduction in verdict and granting a motion for judgment notwithstanding the verdict. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The record reflects that on July 19, 1991, Paul D. Fraelich (Fraelich), underwent a coronary bypass grafting procedure at a facility operated by Western Reserve Care System, appellant. The surgery was performed by John Agnone, M.D. Following surgery, Fraelich suffered a severe stroke allegedly caused by the failure of appellant and Dr. Agnone to timely diagnose and treat a cardiac tamponade. Fraelich eventually passed away on December 16, 1991, as a result of complications from the stroke, leaving a wife and five adult children.
As a result of Fraelich's demise, Andrew Fraelich, Executor of the Estate of Paul D. Fraelich, appellee herein, filed a survival action and a wrongful death action against Dr. Agnone and appellant on January 5, 1993. This initial complaint was voluntarily dismissed by appellee pursuant to Civ.R. 41(A) on April 6, 1993 and was refiled on April 4, 1994.
Following extensive discovery, this matter proceeded to a trial by jury from November 13, 1996 to November 26, 1996. After brief deliberations, the jury returned a verdict in favor of appellee and against appellant and Dr. Agnone in the amount of $864,774. The jury awarded appellee $360,000 on the survival action, $500,000 for the wrongful death claim and $4,774 for funeral expenses. Neither appellant nor appellee submitted any request for jury interrogatories to test the verdict. The trial court entered its judgment on the verdict on December 12, 1996.
In response to the jury's verdict, appellee filed a Civ.R. 50 (B) motion for judgment notwithstanding the verdict on December 10, 1996, requesting the trial court to modify the verdict on the survival action from $360,000 to $447,000. Appellee's basis for this motion was so as the verdict would conform to the alleged uncontested medical expenses submitted during trial. Appellant filed a brief in opposition to appellee's motion as well as a motion for a reduction in the verdict pursuant to R.C. 2305.27. In its motion for a reduction in the verdict, appellant claimed it had "written off" $229,140.45 of appellee's total medical expenses. Therefore, appellant argued it was entitled to a reduction in the verdict by the amount of the write-off as such qualified as a collateral recovery pursuant to statute.
After reviewing all motions and the responses thereto, the trial court judge in his decision and judgment entry of February 25, 1997, increased the verdict in the amount of $87,030.92 as requested by appellee. However, appellant's motion for a reduction in the verdict was denied in its entirety. It is from this judgment entry that appellant filed the instant appeal on March 24, 1997.
Appellant alleges two assignments of errors on appeal.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads as follows:
 "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT WRCS BY DENYING THE HOSPITAL'S MOTION FOR A REDUCTION IN THE VERDICT REPRESENTING ITS SHARE OF THE SURVIVAL ACTION VERDICT IN THE AMOUNT REQUESTED."
In appellant's first assignment of error, a challenge is made to the portion of the trial court's entry overruling the motion for a reduction in the verdict. Appellant alleges that as a result of Fraelich's inpatient stay at its facility, medical expenses in the amount of $318,499.55 were incurred. Evidence to this effect was introduced to the jury during trial. However, appellant claims it wrote off $229,140.45 of the original bill when insurance paid $89,359.10. As such, appellant believes the trial court should have reduced the verdict by the amount of the write-off so as to avoid double recovery by appellee. R.C. 2305.27 is cited by appellant as authority for permitting the reduction in the verdict.
Appellant is alleging that under the statute, it is entitled to a reduction in the verdict as a result of the following language:
 ". . . in a medical claim . . . an award of damages . . . shall be reduced by any other collateral recovery for medical and hospital care, custodial care or rehabilitation services, and loss of earned income."
The appellant feels that the intent of the legislature was to avoid duplicate payment to a plaintiff in medical malpractice cases and to avoid double recovery by not requiring payment for a bill which was written off.
Furthermore, appellant asserts that this case deals with a post-judgment motion rather than a counterclaim as related to the reduction in the verdict. Therefore, the filing of a counterclaim was not necessary in order to preserve the right to reduce the verdict. Appellant indicates that there would be no counterclaim as without a judgment against it, no money was to be directly sought from appellee as the bill was written off.
R.C. 2305.27, which has since been repealed by 1996 Am.Sub.H.B. No. 350, provided in pertinent part:
 "Except as provided in section 2743.02 of the Revised Code, in any medical claim, as defined in division (D) of section 2305.11 of the Revised Code, an award of damages shall not be reduced by insurance proceeds or payments or other benefits paid under any insurance policy or contract where the premium or cost of such insurance policy or contract was paid either by or for the person who has obtained the award, or by his employer, or both, or by direct payments from his employer, but shall be reduced by any other collateral recovery for medical and hospital care, custodial care or rehabilitation services, and loss of earned income."
While appellant alleges the write-off of the balance of its bill should qualify as "other collateral recovery" pursuant to R.C. 2305.27, we note that no interrogatories were submitted to the jury to indicate how the jury apportioned that division of their verdict dealing with the survival action. In the absence of a determination as to what constituted the jury's verdict, this court is unable to find error in the trial court's decision not to reduce the verdict.
In the case of Berdyck v. Shinde (March 29, 1996), Ottawa App. No. OT-95-018, unreported, the Sixth District Court of Appeals addressed a case where the jury verdict was unspecified as to what portion of the damages went for medical expenses. Although this decision is not controlling on this court, the language serves as guidance in our case. That court stated:
 "R.C. 2305.27 refers specifically to 'an award of damages' that can be reduced by a collateral benefit. We are of the opinion that this phrase can and must be construed to mean a matching collateral benefit. That is, the collateral benefit must be actually and expressly duplicated in the jury verdict. See Buchman at 266. In the present case, the jury returned a general verdict; no portion of that verdict was specified as damages for medical expenses. Accordingly, the jury verdict cannot be reduced by any or all collateral benefits 'paid' . . ." Id. at 6.
In Berdyck the court clearly precluded a reduction of the verdict by alleged collateral benefits due to the fact that the jury had not defined which if any portion of its award was attributable to the medical expenses. Since a general verdict had been entered and nothing had been specifically set aside for medical expenses, the court held that a reduction by collateral benefits would be inappropriate. In that it could not be determined whether the "matching" benefits had been considered in the jury's verdict, the trial court was unable to reduce the verdict.
Support for this proposition is gained by analyzing the Ohio Supreme Court decision in Morris v. Savoy (1991), 61 Ohio St.3d 684. In Morris, the Court came to a similar conclusion in regards to future payments for lost wages. It was the court's holding that a reduction in the jury's verdict for future lost wages was appropriate to the extent it could be determined with a reasonable degree of certainty as to what amount would be recoverable by collateral sources. Id. at 693. As was the case in Berdyck, a reduction in the verdict depended on the ability to reasonably ascertain and match the jury award to collateral benefits.
Moreover, even if this court were to determine that the jury verdict was properly apportioned so as to indicate an inclusion of medical expenses, the record demonstrates appellant failed to produce any evidence during the trial to establish that a write-off had actually occurred. Based upon our review of the partial transcript and the record, it is apparent that appellant failed to provide the court with any record of a write-off during or prior to the trial. Furthermore, it can not be found in the record or the arguments presented that appellant objected to the admission of evidence concerning the medical expenses into the record in the trial. Evidence has not been provided that appellant called any witnesses to establish a write-off or that appellant provided any testimony to negate any of the proposed medical expenses submitted to the trial court.
It is well-founded that a party asserting error at the trial court level bears the burden to demonstrate error by reference to matters made part of the record. Hartt v. Munobe (1993),67 Ohio St.3d 3, 7, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. The record in the case sub judice is totally silent as to evidence establishing that a write-off did in fact occur prior to the conclusion of the trial which would justify a reduction in the verdict. The only evidence which establishes the alleged write-off is an affidavit filed by appellant subsequent to the jury's final determination. Such self serving evidence is not sufficient. It would be unjust to permit appellant to prevail when it documented the write-off only after a judgment had been entered against it. Having failed to establish a record on the write-off prior to the rendering of a verdict in essence would preserve appellant's ability to then pursue the outstanding balance of the bill in the event a verdict was returned against appellee. Such actions are inappropriate and cannot be tolerated. By failing to create a record, appellant lost any ability to establish the existence of a collateral benefit.
For the foregoing reasons, appellant's first assignment of error is without merit.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads as follows:
 "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT WRCS BY GRANTING APPELLEE'S MOTION FOR JUDGMENT NOV WHICH WAS LEGALLY AND FACTUALLY A DECISION BY THE TRIAL COURT TO PROVIDE AN ADDITUR IN THE AMOUNT OF $87,030.92."
Appellant next alleges that the trial court erred in granting appellee's motion for judgment notwithstanding the verdict. It is appellant's position that by allowing for an increase in the verdict of $87,030.92, the trial court in fact inappropriately granted an additur. Appellant goes on to allege that there was no factual or legal basis to find that the jury unquestionably should have determined that all of the offered medical expenses were reasonable and necessary and thus should have been included in the verdict. Furthermore, appellant believes that the trial court substituted its judgment for that of the jury and ruled on the weight of the evidence in granting the motion for judgment notwithstanding the verdict.
Appellee responds by noting that at trial the undisputed evidence was that the medical expenses incurred totaled $447,030.92. Appellee indicates that the judgment for medical expenses of $360,000 was $87,030.92 less than the uncontroverted evidence. Additionally, appellee argues that since the only evidence submitted at trial was that Fraelich incurred $447,030.92 in expenses and that reasonable minds could only come to one conclusion based upon the evidence, the trial court should grant the relief requested.
In addressing a motion for judgment notwithstanding the verdict, courts are guided by the following principles:
 "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied." Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 318, citing Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275.
Furthermore, neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling on said motions. Id. Although in reaching a decision on such motions it is necessary to review and consider the evidence, such decisions present a question of law as they test the legal sufficiency of evidence. Grau v. Kleinschmidt (1987),31 Ohio St.3d 84, 90. Based on these standards, this court holds an independent review of the case in order to determine the propriety of the trial court's actions.
Clearly in this case the undisputed evidence introduced at trial was that Fraelich had incurred $447,030.92 in medical expenses as a direct result of appellant's actions. Expert testimony was offered by appellee which indicated that all expenses were necessary and reasonable. No contrary evidence was offered by appellant to refute the amount of the medical expenses or the reasonableness and necessity of those expenses. Thus, clearly the only evidence presented in the record before us was that the decedent's total medical expenses were $447,030.92.
In the case at bar, the trial court was correct in noting that a motion for a directed verdict or a motion for a judgment notwithstanding the verdict does not present a factual issue but a question of law even though in deciding either motion it is necessary to review and consider the evidence. Clearly the trial judge in this case had no choice but to make the jury award conform to the uncontroverted evidence submitted to the jury. In that there is a total lack of evidence to contradict these expenses, the trial judge was offered nothing to construe in favor of appellant. Therefore, reasonable minds could reach but one conclusion, that being that appellee was at the very least entitled to a verdict equal to the total amount of medical expenses incurred.
For the foregoing reasons, the decision of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ------------------------------ JOSEPH J. VUKOVICH, JUDGE