OPINION
{¶ 1} In a lawsuit following a traffic collision, Stacy R. Beatty was awarded $18,000 in damages against Sandra L. Fultz by a jury in the Montgomery County Court of Common Pleas. Beatty appeals from this judgment.
 I *Page 2 {¶ 2} On March 13, 2003, the parties were involved in a traffic accident when Fultz's car turned in front of Beatty's car. Fultz admitted that she had caused the accident. Beatty, who was six months pregnant at the time, suffered injuries to her knees, one wrist, and her back.
 {¶ 3} On March 7, 2005, Beatty filed a complaint alleging negligence and seeking damages. A trial was conducted on February 13-15, 2006. The jury awarded $18,000 in compensatory damages consisting of past medical expenses, past lost income, past pain and suffering, and past inability to perform usual activities. The jury expressly declined to award any damages for future medical expenses, future lost income, future pain and suffering, and future inability to perform usual activities. Beatty filed post-trial motions for a directed verdict, judgment notwithstanding the verdict, a new trial, and an additur, all of which were denied by the trial court.
 {¶ 4} Beatty raises four assignments of error on appeal.
 II {¶ 5} As a preliminary matter, we note that the transcript that was filed in this case does not identify the court reporter and is not certified as required by App. R. 9(B). The appellant has the duty to provide a transcript for appellate review because the appellant has the burden of establishing error. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. In the absence of a certified record, we could presume the validity of the lower court's findings without further discussion. However, because both of the parties have relied on the transcript that is before us, we will address the assignments of error.
 III {¶ 6} Beatty's first assignment of error states: *Page 3 
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO ALLOW DEBORAH BASINGER, C.N.P., TO PROVIDE EXPERT TESTIMONY AS TO APPELLANT'S INJURIES."
 {¶ 8} Beatty asserts that she was prejudiced by the trial court's redactions of the deposition testimony of Deborah Basinger, a nurse practitioner, whom Beatty describes as "the medical professional who actually provided her treatment." In particular, Beatty attributes the jury's failure to award damages for future lost income, pain, and medical expenses to the redactions from Basinger's deposition testimony.
 {¶ 9} The portion of the trial during which the parties discussed objections to Basinger's deposition testimony with the court was not recorded, and the trial court did not provide any specific basis for its rulings on the record. However, the substance of the redacted testimony is in the record, and we conclude that the trial court acted within its discretion in excluding the redacted testimony. Moreover, based on the testiony offered by other medical experts, Beatty clearly was not prejudiced by the limitations on Basinger's testimony.
 {¶ 10} Basinger was a nurse practitioner who worked under the supervision of Beatty's primary care physician, Richard Gebhart. Basinger testified that, when she treated Beatty one week after the accident, Beatty complaint of pain in her wrist, knees, upper back, and neck, but did not mention pain in her lower back. Based on these complaints, Basinger referred Beatty to Dr. Aivars Vitols, an orthopedic specialist, particularly for evaluation and treatment of her knee injuries. In the following months, Basinger treated Beatty for some conditions unrelated to the accident, but Vitols treated Beatty for her back, knee, and wrist pain. Basinger saw Beatty again in June, July, and December 2003, but none of these visits was related to the accident. In 2004, *Page 4 
Beatty did complain of back pain to Basinger and was determined to have a "small disc bulge," the cause of which could not be definitively established.
 {¶ 11} In addition to noting Beatty's physical complaints shortly after the accident, Basinger's testimony established that Beatty had complained of back pain during her pregnancy prior to the accident and had previous incidents of back pain that had been attributed to other illnesses. The notes in Basinger's medical history, along with Beatty's own testimony, also established that Beatty was required to do lifting in her employment with the postal service and that her employment was a source of stress.
 {¶ 12} The trial court redacted testimony from Basinger's deposition in which she was asked to opine about whether Beatty had suffered any permanent injury from the accident and whether she was likely to have future pain and suffering. Fultz contends that the trial court's decision was in accord with R.C. 4723.151, which prohibits nurses from making medical diagnoses and limits nurse practitioners to "practicing within the nurse's scope of practice." In our view, the trial court could have reasonably concluded that Basinger's opinions about the scope of Beatty's injuries were outside the scope of her practice because she did not actually treat Beatty due to the accident; she referred Beatty to an orthopedic physician for the treatment of her accident-related injuries.
 {¶ 13} Moreover, the excluded testimony from Basinger's deposition related to topics covered by other witnesses. Drs. Gebhart and Vitols testified that Beatty continued to suffer pain related to the accident and that such pain was likely to continue in the future. In particular, Dr. Vitols testified that the back pain that had been present before the accident and may have been related to her pregnancy had been aggravated by the accident. He also stated that she *Page 5 
would have some "permanent weakness" and that she would "require reasonable and necessary care in the future." Because Beatty presented opinions about the likelihood of future problems with her back from two doctors who were fully qualified to render such opinions, she clearly was not prejudiced by the exclusion of Basinger's opinions on this issue.
 {¶ 14} The first assignment of error is overruled.
 IV {¶ 15} Beatty's second assignment of error states:
 {¶ 16} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS FOR A MISTRIAL AND FOR A NEW TRIAL."
 {¶ 17} Beatty contends that the trial court should have declared a mistrial because of defense counsel's reference at trial to the fact that Beatty was represented by the law firm of Dyer, Garafolo, Mann Schultz after a previous accident. Beatty contends that, because of the reputation of that firm, this reference "created an image of Ms. Beatty as litigious and opportunistic." She also contends that a mistrial was warranted by Fultz's use of a medical document that referred to a prior suicide attempt by Beatty.
 {¶ 18} The parties' discussions with the court about references to Beatty's prior accident and the litigation in which she was represented by Dyer, Garofalo, Mann Schultz were not on the record. However, we can glean from the trial court's response to Beatty's objection that the court had instructed defense counsel not to mention this prior litigation. Defense counsel admitted that she "goofed." Nonetheless, the trial court refused Beatty's request for a mistrial and, instead, gave the following instruction to the jury:
 {¶ 19} "Ladies and gentlemen, we had a reference to another lawsuit, another law firm *Page 6 
with regard to the plaintiff, you as a jury are instructed to disregard that, that has no bearing whatsoever on this case, and it cannot be considered by you in any way, shape or fashion with regards to this case, and the plaintiff's claims in this case."
 {¶ 20} The decision to grant or deny a motion for mistrial is within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 182, 510 N.E.2d 343. Although we understand Beatty's frustration with defense counsel's violation of the court's instruction in a perceived effort to create a negative impression in the mind of the jury, we cannot conclude that the trial court acted unreasonably in addressing the problem with a corrective instruction rather than by granting a mistrial.
 {¶ 21} Beatty also contends that a mistrial should have been granted because of Fultz's use of a medical record that made reference to a prior suicide attempt by Beatty. The record apparently may have been placed on an overhead projector during trial because it also addressed a complaint of back pain. It is unclear from the record, however, whether this document was indeed placed on the overhead in such a way that the jurors could have seen this notation. Even assuming that the notation was visible, there is no evidence that any juror actually saw the reference before the document was removed and the reference was redacted. Thus, Beatty's claim of prejudice is speculative, and the trial court acted within its discretion in refusing to grant a mistrial on this basis.
 {¶ 22} The second assignment of error is overruled.
 V {¶ 23} Beatty's third and fourth assignments of error are related and will be addressed together. They state: *Page 7 
 {¶ 24} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT.
 {¶ 25} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT."
 {¶ 26} Beatty claims that the trial court should have directed a verdict on her lost wages and medical expenses, for which she sought $31,464.24. She claims that she was entitled to a judgment notwithstanding the verdict because the jury did not award damages for her future medical expenses.
 {¶ 27} Motions for a directed verdict during trial and for a judgment notwithstanding the verdict after trial are authorized by Civ. R. 50(A) and (B). "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. (Citations omitted.)" Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 275, 344 N.E.2d 334.
 {¶ 28} Beatty claims that the trial court erred in denying her motion for a directed verdict because "the evidence was uncontested with regard to the amount of Ms. Beatty's lost wages and medical bills." We disagree. Although the amount of the medical bills may have been uncontested, the extent to which those bills were attributable to the car accident was in *Page 8 
dispute. Fultz presented evidence that Beatty had suffered from back pain prior to this accident that might have been attributable to her pregnancy, her employment, or a prior accident. Because reasonable minds could have reached different conclusions about how much of the medical expenses were attributable to the accident with Fultz, Beatty's motion for a directed verdict was properly denied.
 {¶ 29} Beatty also claims that the trial court erred in refusing to grant judgment notwithstanding the verdict on her claims for future damages. She points out that "no expert medical testimony was presented to refute the testimony of Dr. Richard Gebhart that Ms. Beatty would continue to suffer from her injuries sustained in the accident." Beatty's argument is based on the incorrect assumption that the jury was required to believe evidence that is not expressly contradicted. As we discussed above, the defense presented evidence that called into question whether all of Beatty's pain could be attributed to the accident. Moreover, there were significant periods of time since the accident when she did not complain of or seek treatment for lower back pain. Under these circumstances, the jury was not required to credit Beatty's evidence that she would continue to suffer from pain related to the accident in the future. As such, the trial court properly refused to enter a judgment notwithstanding the verdict.
 VI {¶ 30} Having overruled Beatty's assignments of error, the judgment of the trial court will be affirmed.
FAIN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 9 
Copies mailed to:
Dwight D. Brannon Matthew C. Schultz Margaret R. Young Hon. Gregory F. Singer *Page 1