[Cite as *Mender v. Alvis*, 2012-Ohio-2113.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

Ginger Mender,                                          :

    Plaintiff-Appellant.                          :

                      :          Case No. 11CA16

    v.                                                    :

                      :          DECISION AND

Jack Alvis, et al.,                                    :          JUDGMENT ENTRY

                      :

    Defendants-Appellees.                         :          Filed:  May 7, 2012
_____

APPEARANCES:

Dustin S. Lewis, The Podor Law Firm, Solon, Ohio, for Appellant.

Steven T. Sloan, Athens, Ohio, for Jack Alvis, Appellee.

David W. Doerner, Coy, Konieczny & Peppel, L.L.C., Toledo, Ohio, for  Village of
Chauncey, Kelly Sebring, and Steven Grant, Appellees.

_____

Kline, J.:

{¶1} Ginger Mender appeals the judgment of the Athens County Court of
Common Pleas, which granted summary judgment against her and dismissed her
complaint.  Mender contends that the trial court erred when it determined that the step-
in-the-dark rule bars her claims.  Because the trial court erroneously applied the step-in-
the-dark rule to the facts of this case, we agree.  Accordingly, we reverse the judgment
of the trial court.

I.

{¶2} During an afternoon in October of 2006, Mender and her husband witnessed
Jack Alvis using a vehicle commonly known as a "Bobcat" to re-grade an alley behind

the Menders' home.  Initially, Alvis' activity in the alley caused Mender's dogs to bark.

This upset Mender and her husband.  Mender also claimed that Alvis was working on a

public alley without permission from the Village of Chauncey.  Mender and her husband

confronted Alvis regarding his activity in the alley.  Mender indicated that Alvis behaved

in a threatening manner toward her and her husband.

{¶3} Also, during the day of the incident, Mender contacted several individuals

regarding Alvis' activity in the ally.  Mender reported Alvis' activity to Kelly Sebring, the

acting mayor of the Village of Chauncey.  The record also indicates that Mender

contacted the sheriff's department and at least one Village of Chauncey councilperson.

Mender contacted these officials because she thought that Alvis was "destroying the

alley" and "tearing the alley up."  Mender Dep. at 11 and 158.  According to Mender,

Alvis worked in the alley for about three to three-and-a-half hours.

{¶4} Around 10:00 p.m. that evening, Mender heard her dogs barking as though

someone was threatening them.  Mender claims that she was concerned that Alvis was

harassing her dogs as a result of the confrontation from earlier in the day.  Mender's

husband was asleep, and Mender could not wake him.  Mender also tried to contact her

brother who lived nearby, but he was not home.

{¶5} Mender decided to investigate the situation herself using a flashlight that

she described as "not the best in the world[.]"  *Id.* at 66.  Mender came to a point in the

alley that was "pretty much" pitch dark, and her flashlight provided about two feet of

illumination.  *Id.* at 67.  Mender then walked about seven or eight feet before she

stepped in a rut and fell.  Mender claims she suffered injuries as a result of the fall.

{¶6} Mender filed a lawsuit alleging that Alvis' work in the alley created conditions that caused her to fall and injure herself.  Mender also sued Sebring, Steven Grant (the village administrator), and the Village of Chauncey (collectively, the "Village Defendants").  Mender essentially alleged that the Village Defendants (1) inappropriately gave Alvis permission to work in the alley and (2) failed to enforce applicable laws and ordinances.  The trial court determined that the step-in-the-dark rule barred Mender's claims.  Consequently, the trial court granted the defendants' motions for summary judgment and dismissed Mender's complaint.

{¶7} Mender appeals and asserts the following assignment of error: I. "The trial court committed error in granting Defendants-Appellees', Village of Chauncey, Kelly Sebring, Steven Grant, and Jack Alvis', motions for summary judgment based upon the 'step-in-the-dark' rule."

II.

{¶8} Mender argues that the trial court erred when it granted summary judgment against her.  Specifically, Mender asserts that the trial court erroneously determined that the step-in-the-dark rule bars her claims.[1]

{¶9} "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary judgment is appropriate only when the following have been established: (1) there is no genuine

---

[1] We note that, in their motions for summary judgment below, the defendants asserted that summary judgment was proper on multiple grounds.  The trial court, however, based its decision only on the step-in-the-dark rule.  On appeal, the defendants have not asserted any cross-assignments of error arguing other grounds on which to affirm the judgment of the trial court.  *See* App.R. 3(C)(2); *see also Dayton Power and Light v. Holdren*, 4th Dist. 07CA21, 2008-Ohio-5121, ¶ 3, fn.1.

issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). *See also Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14. In ruling on a motion for summary judgment, the court must construe the record and all inferences that arise from it in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994), superseded by statute on other grounds.

{¶10} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). *See also Dresher* at 294-295; *Grimes* at ¶ 15.

{¶11} "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Id.* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991). *See also Schwartz v. Bank One, Portsmouth, N.A.*, 84 Ohio App.3d 806, 809, 619 N.E.2d 10 (4th Dist.1992); *Grimes* at ¶ 16.

{¶12} As indicated above, the trial court granted summary judgment against Mender based on the step-in-the-dark rule. Under the step-in-the-dark rule, "one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law." *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 276, 344 N.E.2d 334 (1976). Additionally, "the step-in-the-dark rule * * * merely raises an inference of the lack of prudence and ordinary care on the part of a plaintiff[.]" *Id.* at paragraph one of the syllabus. Thus, "where evidence is conflicting as to the intentional nature of the step in the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances tending to disprove a voluntary, deliberate step into unknown darkness, then a factual question arises requiring a determination by the jury[.]" *Id.*

{¶13} Although "[t]he principles of comparative negligence have superseded the doctrine of contributory negligence as an absolute bar to recovery[,] * * * the advent of comparative negligence does not necessarily preclude a grant of summary judgment." *Leonard v. Modene and Assoc., Inc.*, 6th Dist. No. WD-05-085, 2006-Ohio-5471, ¶ 55. "Thus, summary judgment may be granted to the defendant in a negligence suit where, 'after construing the undisputed evidence most strongly in favor of plaintiff, a reasonable person could only conclude that the contributory negligence of the plaintiff was greater [than] the combined negligence' of the defendants." *Id.*, quoting *Miljkovic v. Greater Cleveland Regional Transit Auth.*, 8th Dist. No. 77214, 2000 WL 1514238, *2 (Oct. 12, 2000).

{¶14} We note that traditionally courts have applied the step-in-the-dark rule where the plaintiff sustains injuries on *private property*. *See, e.g.*, *Leonard* at ¶ 2 (private residence); *Johnson v. Regal Cinemas, Inc.*, 8th Dist. No. 93775, 2010-Ohio-1761, ¶ 2 (movie theater).[2]

{¶15} By contrast, Mender claims that she sustained her injuries in a public alley. At least one court has held that the step-in-the-dark rule cannot relieve a defendant of a statutory duty. *See Robinson v. Bates*, 1st Dist. No. C-040063, 2005-Ohio-1879, ¶ 20 (holding that the step-in-the-dark rule cannot "relieve a landlord of a *statutory* duty to keep the premises in a fit and habitable condition") (emphasis sic). And here, municipal corporations have a statutory duty to keep their roads in repair. Specifically, R.C. 723.01 provides that

> Municipal corporations shall have special power to regulate
> the use of the streets. Except as provided in [R.C.]
> 5501.49[,] *the legislative authority of a municipal corporation*
> *shall have the care, supervision, and control of the public*
> highways, streets, avenues, *alleys*, sidewalks, public
> grounds, bridges, aqueducts, and viaducts *within the*

---

[2] *See also Dixon v. Miami University*, 10th Dist. No. 04AP-1132, 2005-Ohio-6499, ¶ 10-11 (university grounds); *Stazione v. Lakefront Lines, Inc.*, 8th Dist. No. 83110, 2004-Ohio-141, ¶ 2 (private parking lot); *Lozitsky v. Heritage Companies, Inc.*, 8th Dist. No. 79103, 2002 WL 192339, *1 (Feb. 7, 2002) (office complex); *Gabel v. Apcoa, Inc.*, 8th Dist. No. 74794, 1999 WL 961491, *1 (Oct. 21, 1999) (private parking garage); *Schneider v. Associated Estates Realty*, 8th Dist. No. 73981, 1999 WL 126942, *1 (Mar. 4, 1999) (apartment complex); *Purpera v. Asamoto*, 8th Dist. No. 67917, 1995 WL 371316, *1 (June 22, 1995) (private residence); *Beal v. Cardinal Container Corp.*, 10th Dist. No. 81AP-548, 1981 WL 3695, *1 (Dec. 22, 1981) (warehouse); *Bombok v. Pittegrew*, 6th Dist. No. L-79-097, 1980 WL 351153, *1 (Feb. 1, 1980) (private residence).

*municipal corporation.* The liability or immunity from liability

of a municipal corporation for injury, death, or loss to person

or property allegedly caused by a failure to perform the

responsibilities imposed by this section shall be determined

pursuant to [R.C. 2744.02(A) and (B)(3)]. (Emphasis

added.)

Moreover, R.C. 2744.02(B)(3) provides, in relevant part, that "political subdivisions are

liable for injury, death, or loss to person or property caused by their negligent failure to

keep public roads in repair[.]" (An alley is a public road. *See* R.C. 2744.01(H).)

{¶16} Considering the Village of Chauncey's statutory duties regarding the safety

of public alleys, we decline to extend the step-in-the-dark rule to a situation such as this

where the plaintiff was using a public alley. *See generally Townsend v. Wolfe*, 2d Dist.

No. 5712, 1978 WL 216200, *3 (Mar. 1, 1978) (reversing directed verdict against

plaintiff based on step-in-the-dark rule and noting that plaintiff "had a right to assume

that the Trustees had performed their duty to keep the road free from danger"). As a

result, we conclude that the trial court erred by granting summary judgment against

Mender based on the step-in-the-dark rule.

{¶17} Furthermore, even assuming that the step-in-the-dark rule could apply to a

situation such as this, we conclude, after construing the facts in Mender's favor, that

there are genuine issues of material fact preventing summary judgment. Initially, we

note that the step-in-the-dark rule requires the plaintiff to walk from a lighted area into

"total darkness." *Posin*, 45 Ohio St.2d at 276, 344 N.E.2d 334. Here, the record

indicates that there is a genuine issue of fact regarding whether Mender walked from a

lighted area into total darkness.  Mender testified that she used a flashlight when she walked into the darkened portion of the alley.  While Mender admitted that the flashlight was of low quality, her use of a flashlight to light her way raises a genuine issue of fact regarding whether she walked into "total darkness" as the step-in-the-dark rule requires.  Additionally, there was a streetlight illuminating a portion of the alley in question and, therefore, we cannot conclude that Mender walked from a lighted area into "total darkness" as a matter of law.  *See Prater v. United Steel Workers of America Local 1949*, 3d Dist. No. 9-79-22, 1980 WL 352062, *3 (Mar. 21, 1980) ("There was a light of unknown position and intensity.  There was a shadowed area into which [Cleo Prater] turned.  But to conclude this evidence establishes total darkness would be to resolve inferences from the testimony against the party against whom the motion was made and so, in violation, of Civil Rule 56(C)."); *but see Bombok v. Pittegrew*, 6th Dist. No. L-79-097, 1980 WL 351153, *5 (Feb. 1, 1980) ("Although in the instant case there was not complete darkness, nevertheless, the plaintiff testified that she could not see, and if she could have she would not have stepped where she did.").

{¶18} We also conclude that there is an issue of fact regarding whether Mender walked into the alley without knowledge, information, or investigation as to what the darkness might conceal.  Mender argues that she was familiar with the alley and that she was not aware of the extent of damage to the alley as a result of Alvis' work.  Mender asserts that she only witnessed Alvis uprooting and loosening gravel.  She claims that she "had no idea" that the alley had "great big ruts and holes."  Mender Dep. at 74.  On the other hand, Mender photographed Alvis working in the alley because she claimed he was "destroying the alley."  Mender Dep. at 11.  Mender also complained to

a Village of Chauncey councilperson that Alvis was "tearing the alley up." *Id.* at 158.

This evidence suggests that Mender should have known that the alley was no longer in

the state to which Mender was accustomed. Because we must construe these

competing inferences in Mender's favor, there is an issue of fact regarding whether

Mender walked into the alley without knowledge, information, or investigation as to what

the darkness might conceal. *See Werk v. State*, 10th Dist. No. 86AP-430, 1988 WL

33594, *5 (Mar. 17, 1988) (holding that the step-in-the-dark rule did not bar the plaintiff's

claims because "[p]laintiff had traversed the area often and knew to expect an empty

hallway with a closed elevator door at the end[,]" and, therefore, "there [was] ample

evidence in the record that plaintiff had complete knowledge of what the darkness

ordinarily concealed").

{¶19} Finally, summary judgment is not appropriate because we cannot

conclude, as a matter of law, that Mender's negligence was greater than the combined

negligence, if any, of the defendants. Even assuming that Mender was negligent in

walking into the darkened alley, she could reasonably expect that a public alley would

be free from danger. As a result, there is a question of fact regarding (1) whether the

defendants negligently created an unsafe condition in the alley and (2) whether the

defendants' combined negligence (if any) outweighed Mender's negligence (if any).

*See Townsend v. Wolfe*, 2d Dist. No. 5712, 1978 WL 216200, *3 (Mar. 1, 1978)

("Appellant had a right to assume that the Trustees had performed their duty to keep the

road free from danger. Yet, darkness is always a warning of danger and cannot be

disregarded. Construing the evidence most favorably to Appellant, we conclude that the

question whether Appellant was negligent in crossing the road when it was 'very, very

dark' and when it was so dark she 'could not see the hole' was a question of fact for the jury as was the question of proximate cause, if the jury should find her negligent.").

{¶20} For all of the above reasons, we conclude that the trial court erred when it granted summary judgment against Mender.  Therefore, we sustain Mender's assignment of error and reverse the judgment of the trial court.  Accordingly, we remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT REVERSED
AND CAUSE REMANDED.**

Harsha, J., concurring:

**{¶21}**     I concur in the decision to reverse the trial court's judgment and do so on the basis that genuine issues of material fact exist concerning whether the defendants negligently created an unsafe condition in the alley and the degree of Mender's own negligence.  See ¶19 of the principal opinion.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellees shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J.:      Concurs in Judgment and Opinion with Opinion.
McFarland, J.:  Concurs in Judgment Only.


For the Court


BY:_____
      Roger L. Kline, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**