[Cite as *Watson v. Bradley*, 2017-Ohio-431.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DIANNA WATSON, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-T-0031** |
| ELESTER BRADLEY, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 01210.

Judgment: Reversed and remanded.

*Chanda L. Brown*, and *Sean L. Walton*, Walton & Brown LLP, 20 South Third Street, Suite 210, Columbus, OH 43215 (For Plaintiffs-Appellants).

*Kristen E. Campbell Traub*, Pelini, Campbell, Williams & Traub, L.L.C., Bretton Commons, Suite #400, 8040 Cleveland Avenue, N.W., North Canton, OH 44720 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} Appellants, Dianna and Herman Watson, appeal the trial court's decision awarding summary judgment in favor of appellees, Elester and Ozella Bradley. We reverse and remand.

{¶2} On July 3, 2013, the Watsons, Mississippi residents, were in Ohio for a family reunion. The Bradleys, the Watsons' relatives, invited them to their home to

freshen up after the long drive until their hotel room was available. Herman had been at the Bradley home before, but Dianna had not.

{¶3} Upon arriving, the Watsons followed Elester through the man door into his garage. The garage door was closed and no lights were on in the garage. Elester says that there were windows in his garage and that it was a bright and sunny day. However, there is no evidence depicting the number or size of the garage windows or whether the windows were in the garage door only.

{¶4} Elester led the Watsons up a few steps and through another door into his home. He was immediately followed by Herman, and Dianna was behind him. Dianna was carrying her grandchild in her right arm. There is no evidence as to the age or size of the child.

{¶5} Elester and Herman entered the home, passed through the entryway, and proceeded straight and entered the kitchen. Dianna was still behind them. Upon reaching the landing, she put out her left hand to steady herself on the wall. But instead of a wall, she leaned into an open stairwell leading to the basement. She fell headfirst down the stairs. Neither Elester nor Herman warned Dianna that there was an open stairwell in this entryway.

{¶6} Elester describes the windows in the garage and kitchen as providing "ample" light to "expose the stairwell." The walls in the stairwell leading to the basement were painted white and the stairs were covered in navy blue carpeting. There had never been any prior accidents or falls on this stairwell.

{¶7} Herman, however, avers that there were no lights in the garage and states "[t]here was a light above that when turned on would have made the steps leading to

2

the basement visible," but it was not on at the time. He also states "[b]ecause of the darkness in the area entering the home, the opening leading to the basement was not visible."

{¶8} Dianna describes the entryway to the home as darkened. The garage door was down and there were no lights on in the entryway. She describes the stairwell as "immediately to the left" as she entered the home and explains "because of the dark garage and entryway into the home, as well as the sudden nature of the opening, I did not have an opportunity to look for any safety hazards."

{¶9} The Watsons filed suit against the Bradleys for negligence and loss of consortium. The Bradleys filed a motion for summary judgment relying solely on Elester's two-page affidavit. The Watsons opposed the motion relying on their affidavits. No photographs depicting the entryway or the garage were submitted. There was likewise no measurement or testimony depicting the distance between the open stairwell from the door Dianna used to enter Elester's home.

{¶10} The trial court found that the stairwell was an open and obvious condition, and as such, held that the Bradleys had no duty to warn Dianna of its existence and granted summary judgment as a matter of law.

{¶11} The Watsons assert one assigned error: "The trial court erred in approving defendants-appellees', Elester Bradley and Ozella Bradley's, motion for summary judgment because the condition that caused her injuries was not an 'open and obvious' risk of injury."

{¶12} Appellate courts review summary judgment decisions anew and apply the same standard used by the trial court. Civ.R. 56(C) dictates the summary judgment standard stating in part:

{¶13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶14} A "material fact" for summary judgment depends on the type of the claim being litigated. *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Here, the Watsons assert that the Bradleys negligently failed to warn Dianna of the darkened stairwell and that Dianna suffered disabling injuries as a result of her fall.

{¶15} Thus, the Watsons must prove that the Bradleys had a duty to warn Dianna, that they breached that duty, and that she sustained damages resulting from their breach of duty. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996).

4

**{¶16}** The Supreme Court describes the duty owed to a social guest by a homeowner as:

**{¶17}** "That duty of the host * * * is to exercise ordinary care not to cause injury to his guest by any act of the host or by any activity carried on by the host while the guest is on the premises. Coupled with this is the duty of the host to warn the guest of any condition of the premises known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." *Scheibel v. Lipton*, 156 Ohio St. 308, 329, 102 N.E.2d 453 (1951).

**{¶18}** An open and obvious danger does not impose a duty on a homeowner because the landowner may reasonably expect individuals encountering the condition to discover the danger and take appropriate measures to protect themselves from it. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). The rationale for the doctrine is that the open and obvious nature of the hazard itself is sufficient warning to the individual encountering it. *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶10 (2d Dist.), quoting *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶13. The open-and-obvious test "'properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.'" *Id.*

**{¶19}** The critical inquiry is whether the danger "is discoverable or discernible by one acting with ordinary care under the circumstances." *Holcomb v. Holcomb*, 12th Dist. Clermont No. CA 2013-10-080, 2014-Ohio-3081, ¶16, citing *Vanderbilt v. Pier 27,*

5

*LLC*, 12th Dist. Butler No. CA 2013-02-029, 2013-Ohio-5205, ¶12. The injured party must not have actually seen the condition before encountering it. Instead, we must decide whether a reasonable person exercising ordinary care in the same circumstances would have perceived the risk, avoided it, and prevented injury. *Id.*

**{¶20}** Whether a person owes a duty of care to protect individuals against an open and obvious danger is generally for a court to decide. However, whether the hazard in a case is open and obvious is a heavily fact-driven issue that "may involve a genuine issue of material fact, which a trier of fact must resolve." *Henry v. Dollar Gen. Store*, 2d Dist. Greene No. 2002-CA-47, 2003-Ohio-206, ¶10, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

**{¶21}** In *Miller v. Wayman*, 11th Dist. Geauga No. 2012-G-3057, 2012-Ohio-5598, the plaintiffs successfully challenged the trial court's summary judgment determination finding a flight of stairs behind a closed door an open and obvious condition. David Miller was a first-time customer at a coffee shop. Upon inquiring as to the location of the bathroom, his daughter, an off-duty coffee shop employee, advised him that it was in the back of the store. David proceeded to the back of the shop and opened two unmarked doors. The first room was dark, but he saw a filing cabinet. He then opened the second, and upon attempting to turn on what he thought was the bathroom light, fell down a flight of stairs. *Id*. at ¶2-21. On appeal we disagreed with the trial court's open and obvious determination, stating:

**{¶22}** "[R]easonable minds could differ as to whether the dangers in this case were open and obvious. It cannot be concluded that a reasonable person would find the danger of darkness in this case to be open and obvious, especially when the

6

darkness is not revealed until the doorway is opened, and at that point, absent an awkward halt, one foot may already be in the room. Moreover, one could conclude the darkness is not necessarily dangerous, but common or expected because many public establishments do not keep a light on in a restroom at all times. * * *

{¶23} "Further, the unmarked door opened inward, and those invitees unfamiliar with the passage would find themselves instantaneously atop a stairwell. One could similarly conclude that the doorway concealed the stairwell. Even a well-lit passage could lead to injury on stairs that are not noticeable until the door swings open * * *." *Id.* at ¶39-40.

{¶24} Viewing the evidence in a light most favorable to the Watsons, the summary judgment evidence here presents a genuine issue of material fact for the jury to decide as to whether the stairwell was discernible by a person exercising ordinary care in Dianna's position. According to her, Dianna entered a dark garage and was led by her host up approximately two steps into Elester's home. Upon entering the darkened entryway, Dianna leaned to her left to steady herself on the wall. She did not see the stairwell because it was dark and she fell to her peril down the stairs. Although there is no evidence describing the manner in which the door opened in this case, Dianna describes the stairwell as "sudden" and immediately to her left upon entering the home. To the contrary, Elester said there was ample light to expose the stairwell, but he owned the home and was fully aware of the presence of the stairs. Furthermore, the light from the kitchen windows that allowed Elester to see could have been reduced by the shadows cast by Elester and Herman proceeding in front of Dianna. Thus, Elester's ability to see the stairwell does not preclude the conclusion that a reasonable person

exercising ordinary care in Dianna's position would not have been able to perceive the stairwell and protect herself from it.  This was her first time at Elester's home; she was unfamiliar with the layout; and she was relying on him to lead her into his residence.

{¶25} The conflicting evidence as to the visibility of the stairwell at the time of the fall allows reasonable minds to reach different conclusions as to whether the open staircase was an open and obvious condition.  Accordingly, the first assigned error has merit, and summary judgment was not warranted on this basis.  Civ.R. 56(C).

{¶26} Alternatively, the Bradleys urge us to affirm the award of summary judgment arguing that Dianna and Herman's claims are barred by Dianna's contributory negligence via the step-in-the-dark rule, which is an affirmative defense.

{¶27} "Where darkness is a factor in a trip-and-fall situation, the darkness itself may be the hazardous condition that serves as the warning of danger, and the person who disregards the dark condition does so at his or her own risk.  * * * The 'step-in-the-dark' rule relates to the proximate cause element of negligence and holds that 'one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law.' *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 276, 344 N.E.2d 334 (1976); *Johnson[v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761,] at ¶30 (stating the rule mandates liability upon an individual who intentionally steps from a lighted area to total darkness, without investigating the possible dangers concealed by the darkness); * * *

**{¶28}** "This rule applies only in cases of 'total darkness' and not where testimony indicates some degree of illumination. *Rothfuss v. Hamilton Masonic Temple Co.*, 34 Ohio St.2d 176, 183-186, 297 N.E.2d 105 (1973). * * *

**{¶29}** "The step-in-the-dark rule generally infers that the injured party lacked ordinary care in proceeding in the dark. However, the rule recognizes that sometimes "'a person's step into the darkness is perfectly reasonable."' *Tomasko v. Sohnly*, 5th Dist. Delaware No.15-CAE-10-0078, 2016-Ohio-2698, ¶29, quoting *Hissong* at ¶39. 'It cannot be said that a person is guilty of negligence as a matter of law under all circumstances when such person enters a dark place where his sense of sight alone does not enable him to see what is before him.' *Chardon Lakes Inn Co. v. MacBride*, 56 Ohio App. 40, 46, 24 Ohio Law Abs. 504, 10 N.E.2d 9 (11th Dist.1937). For example, a person can be lulled into a false sense of safety under certain circumstances, such as the existence of some lighting or adherence to the instructions of another. *See Rothfuss* (light conditions in the parking lot); *MacBride* (following someone's instructions).

**{¶30}** "Where there is conflicting evidence or a question regarding the credibility of witnesses, there can be no inference of lack of ordinary care:

**{¶31}** "'If conflicting evidence exists as to the intentional nature of the step into the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances exist tending to disprove a voluntary, deliberate step into unknown darkness, then clearly an inference of contributory negligence does not arise. Evidence of this nature presents a factual question for determination by the jury.' *Posin*, 45 Ohio St.2d at 276, 344 N.E.2d 334, citing *Rothfuss; Chardon Lakes Inn*

9

*Co.* Therefore, the question becomes whether the injured person unreasonably stepped into the darkness, or whether the injured person acted negligently in her encounter with the darkness, and whether, for summary judgment purposes, reasonable minds can answer this question differently." *Carter v. Forestview Terrace L.L.C.*, 8th Dist. Cuyahoga No. 103165, 2016-Ohio-5229, ¶19-22.

**{¶32}** Moreover, comparative negligence now governs and the doctrine of contributory negligence no longer acts as an absolute bar to recovery. *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 276, 344 N.E.2d 334 (1976). *See Mitchell v. Ross*, 14 Ohio App.3d 75, 470 N.E.2d 245 (1984). Notwithstanding, "summary judgment may [still] be granted to the defendant in a negligence suit where, 'after construing the undisputed evidence most strongly in favor of plaintiff, a reasonable person could only conclude that the contributory negligence of the plaintiff was greater than the combined negligence' of the defendants. *Miljikovic v. Greater Cleveland Regional Transit Auth.* (Oct. 12, 2000), 8th Dist. No. 77214, 2000 Ohio App. LEXIS 4780, citing to *Mitchell,* supra." *Leonard v. Modene & Assocs.*, 6th Dist. Wood No. WD-05-085, 2006-Ohio-5471, ¶55.

**{¶33}** Here, we cannot conclude that the step-in-the-dark rule applies for two reasons. First, there is conflicting evidence as to the level of darkness in Elester's entryway and adjacent stairwell on the day Dianna fell. This is not a case in which Dianna left a lighted hallway and intentionally encountered a completely dark home. Instead, she was entering what she describes as a darkened entryway from a dark garage and was following the homeowner. Furthermore, Elester avers that the garage and home were adequately lit from the natural light entering through the windows.

10

Thus, we cannot conclude that Dianna stepped into total darkness, and as such, we cannot invoke the step-in-the-dark rule.

{¶34} Second, upon construing the evidence most strongly in favor of Dianna, we cannot find that that a reasonable person could only conclude that her contributory negligence was greater than the Bradleys'. Dianna followed Elester into his home arguably without adequate lighting to illuminate the adjacent stairwell in his entryway. Although she was not following his oral instructions upon navigating the home like the customer in *Miller v. Wyman*, supra, she was relying on his physical direction and presence, and she followed him without anticipating the sudden, open stairwell. Whether Dianna unreasonably relied on Elester's lead into the darkened entryway and acted unreasonably upon leaning on a wall that was not present are questions for the trier of fact. *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶39 (stating that a "person does not act negligently by failing to look for danger where she has no reason to expect it, or where she has reason *not* to expect it. For example, a person can be induced by another to enter darkness, having been instilled with a sense of safety in doing so." (Emphasis sic.)).

{¶35} Accordingly, the step-in-the dark doctrine does not preclude the Watson's recovery, and summary judgment was not warranted on this basis.

{¶36} Based on the foregoing, we reverse and remand the trial court's decision awarding summary judgment in the Bradley's favor.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.


11

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶37} I respectfully dissent from the majority's analysis and reversal of the lower court's decision granting summary judgment in favor of appellees, the Bradleys. Since the appellants, the Watsons, cannot prevail on their negligence claim as a matter of law, regardless of any factual disputes, the grant of summary judgment was proper.

{¶38} In the present case, Dianna Watson walked from the Bradleys' garage into the interior of their home, which she described in her affidavit as "dark" and "darkened." She then leaned against what she assumed to be a wall to steady herself, which was instead an opening to basement stairs, causing her to fall. Her husband described the opening leading to the basement stairs as "not visible." These facts fairly demonstrate the "open and obvious" hazard doctrine and/or that Dianna, as a matter of law, failed to exercise reasonable care and is responsible for her own injuries. Either conclusion precludes the plaintiffs' recovery in the present case and provided grounds to grant summary judgment.

{¶39} "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. "The rationale underlying this doctrine is 'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" *Id.* at ¶ 5, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504

(1992). "When applicable * * *, the open-and-obvious doctrine * * * acts as a complete bar to any negligence claims." *Id.*

{¶40} Darkness has been repeatedly recognized as an open and obvious hazard. "'Darkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), paragraph three of the syllabus. "Since darkness itself constitutes a sign of danger, the person who disregards a dark condition does so at his or her own peril." *Swonger v. Middlefield Village Apts.*, 11th Dist. Geauga No. 2003-G-2547, 2005-Ohio-941, ¶ 13.

{¶41} It can hardly be said that the existence of a staircase within a home presents the sort of danger of which a home owner would be required to warn a social guest. Nothing in the record indicates that the staircase/opening itself was unsafe. The fact that Dianna did not expect it to be there does not equate to a finding that it was dangerous. This leaves only a possible claim that the darkness made the staircase dangerous, which is precluded by the foregoing case law. *Id.* ("the darkness outside appellee's building and the dangers presented by navigating in such darkness were open and obvious to appellants, and appellee had no duty to protect them from such hazards").

{¶42} In the present case, Dianna continued to proceed up the stairs and into an entryway which, according to her, she was aware was in a darkened area. Presuming that her factual contentions are true, she was fully aware that there was a lack of lighting. Her choice to lean on what she assumed to be a wall and could not verify due to the darkness demonstrated a failure to exercise appropriate care on her part rather than negligence by the Bradleys. *See Cash v. Thomas & King Ltd. Liab. Co. #104*, 11th

13

Dist. Trumbull No. 2015-T-0030, 2016-Ohio-175, ¶ 27 ("darkness increases rather than reduces the degree of care an ordinary person would exercise") (citation omitted).

{¶43} Further, even where there is a genuine issue of material fact as to the degree of darkness, courts have held summary judgment is appropriate: "if it was light enough to see, then [the] steps presented an open and obvious hazard, and if it was dark, then the darkness was observable." *Gentry v. Collins*, 12th Dist. Warren No. CA2012-06-048, 2013-Ohio-63, ¶ 23. Although the majority claims that there are factual issues to be resolved by the trier of fact, recovery is precluded as a matter of law.

{¶44} The majority extensively cites *Miller v. Wayman*, 11th Dist. Geauga No. 2012-G-3057, 2012-Ohio-5598, a case which is entirely distinguishable from the present matter, in support of the above proposition. In *Miller*, the plaintiff, following directions he had been given, opened a door and stepped into a dark room which he believed to be a bathroom, and fell down a flight of stairs. The court emphasized that the darkness may not have been open and obvious because it was not revealed until the door was opened. *Id.* at ¶ 39. Such a factual scenario did not exist here.

{¶45} The present case is much more similar to the cases that the *Miller* majority found factually distinguishable, which involved plaintiffs who continued to proceed through an area already known to them as dark, subsequently leading to an accident. *See id.* at ¶ 37. Here, Dianna was aware of the darkness when she entered the home, continued to walk up the steps and onto the landing without pausing or requesting a light be turned on, and then encountered the basement stairs down which she fell after leaning into the stairwell. No duty was found to exist in a similar case, where the room

outside of a door leading to a darkened basement stairway was "either dark or dimly lit," since the social guest should not enter the doorway of the basement stairs in an unfamiliar house, "without properly investigating," and it was "necessary that he heed the obvious danger of the darkness." *Estate of Helle v. Hensley*, 6th Dist. Williams No. WM-10-017, 2011-Ohio-4279, ¶ 28-29.

**{¶46}** Finally, pursuant to undisputed statements in Elester's affidavit, Dianna's husband had been to the Bradley home previously and he did not warn Dianna of any danger. It stands to reason that if the opening to the basement stairwell really was a danger of which Elester had a duty to advise, Dianna's husband would have informed her of such danger. This, furthered by the lack of any evidence as to how having an opening leading to a staircase in a home is anything other than typical, leaves no factual matters left to dispute on the issue of whether there was a foreseeable danger that required warning by Elester. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 143, 539 N.E.2d 614 (1989) (duty depends upon the foreseeability of the injury).

**{¶47}** For these reasons, the trial court's grant of summary judgment in favor of the Bradleys should be affirmed.