[Cite as *Hurst v. Carriage House W. Condominium Owners Assn., Inc.*, 2017-Ohio-9236.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Robert Hurst

     Appellant

v.

Carriage House West Condominium
Owners Assoc., Inc., et al.

     Appellees

Court of Appeals No. L-17-1114

Trial Court No. CI0201603775

**DECISION AND JUDGMENT**

Decided:  December 22, 2017

* * * * *

Mark A. Skeldon, for appellant.

J. Mark Trimble and Tracy B. Selis, for appellees.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** Plaintiff-appellant, Robert Hurst, appeals the April 7, 2017 judgment of the

Lucas County Court of Common Pleas granting summary judgment in favor of

defendants-appellees, Carriage House West Condominium Association, Inc. and Seaway

Asset Management Co.  For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} Plaintiff-appellant, Robert Hurst, owns and resides in a condominium in the Carriage House West complex in Toledo, Ohio. On April 18, 2015, he was helping a neighbor clean her balcony. They needed a nozzle for a hose, so Hurst entered the darkened storage area of the underground parking garage—an area primarily used by maintenance employee, Robert Perine—to try to find one. Hurst walked toward the back of the garage where he knew there were shelving units, but he did not know where the light switch was located. He pulled out his phone to utilize its flashlight, but before he was able to turn it on, he stepped into a partially uncovered sump pump. He suffered serious injuries to his shoulder, for which he underwent two surgeries.

{¶ 3} Hurst filed a complaint against defendants-appellees, Carriage House West Condominium Owners Association, Inc., and Seaway Asset Management Company, the entities responsible for managing and maintaining the common areas of the complex. He alleged that by failing to properly cover the sump pit and maintain adequate lighting, appellees breached their duties to keep the common areas in good repair and free from hazards, to fix any such known hazards, and to warn of concealed dangers or dangers about which they had superior knowledge. He also claimed that Seaway breached its duty to properly manage the property.

{¶ 4} Appellees moved for summary judgment on February 21, 2017. In an order journalized on April 7, 2017, the trial court granted summary judgment to appellees. It found that Hurst walked into a dark maintenance area, the darkness was an open and

2.

obvious hazard, and appellees owed no duty to warn against the danger of walking into a darkened area.

{¶ 5} Hurst appealed the trial court judgment and assigns the following error for our review:

> The Trial Court erred by failing to analyze the, "step–in-the-dark rule" to determine if Plaintiff acted without knowledge, information or investigation as to what the darkness might conceal when he stepped into the maintenance area and sustained injuries.

## II. Summary Judgment Standard

{¶ 6} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

3.

**{¶ 7}** When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

### III. Law and Analysis

**{¶ 8}** In his sole assignment of error, Hurst claims that the trial court erred in failing to analyze the "step–in-the-dark rule" to determine if he acted reasonably when he walked into the darkened storage area. He maintains that a question of fact exists given that he had lived in the complex for six or seven years, the storage area was located in the parking garage, Perine had directed him to the storage area in the past to retrieve items, and he knew the area to be safe based on the other times he was directed by Perine to enter the area.

4.

**{¶ 9}** Appellees respond that Perine testified at deposition that while residents were not prohibited from entering the storage area, he kept nothing in the area that he would want a resident to use. They deny that Hurst was ever directed into the storage area in the past, and they emphasize that no one directed him into the storage area on the date of his fall. Appellees cite Hurst's deposition testimony indicating that he walked 25-30 feet into the storage area without a light while he tried to activate his cell phone flash light. They insist that Hurst was contributorily negligent and assumed the risk by stepping into a dark, unfamiliar area without using a source of light.

**{¶ 10}** To establish actionable negligence, one must show the existence of a duty, a breach of that duty, and injury resulting proximately therefrom. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). Under common law premises liability principles, the status of a person who enters on land determines the scope of the legal duty owed to him or her. *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 417, 1994 Ohio 427, 644 N.E.2d 291 (1994).

**{¶ 11}** An owner of a unit in a condominium complex is generally considered to be a business invitee in relation to a homeowners' association that controls the common areas of the complex. *Hill v. Monday Villas Property Owners Assn.*, 2d Dist. Montgomery No. 24714, 2012-Ohio-836, ¶ 11. Typically, therefore, appellees would owe business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and a duty to warn of latent or hidden dangers. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 80, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

5.

**{¶ 12}** There is no duty, however, to warn against open and obvious conditions. *Id.* If a hazard is determined to be "open and obvious," this doctrine obviates the duty to warn and operates as a complete bar to liability for negligence. *Id.* A hazard is considered to be open and obvious when it is in plain view and readily discoverable upon ordinary inspection. *See Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 6th Dist. L-08-1187, 2009-Ohio-6677, ¶ 68, citing *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 51, 566 N.E.2d 698 (5th Dist.1989).

**{¶ 13}** Courts routinely observe that "darkness is an open and obvious condition, which should not be disregarded." *Mayhew v. Massey*, 7th Dist. Mahoning No. 16 MA 0049, 2017-Ohio-1016, ¶ 18. *See also Bombok v. Pittegrew*, 6th Dist. Lucas No. L-79-097, 1980 Ohio App. LEXIS 11630, *13 (Feb. 1, 1980) ("Darkness is always a warning of danger, and for one's own protection it may not be disregarded." (Internal citations and quotations omitted.)). To that end, courts have enunciated the step-in-the-dark rule which provides that "one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law." *Posin v. A. B. C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 276, 344 N.E.2d 334 (1976). The step-in-the-dark rule raises an inference of the lack of prudence and ordinary care on the part of a plaintiff who is injured while venturing into the dark. *Id.* The step-in-the-dark rule is an affirmative defense that relates to the cause of the plaintiff's injury, rather than to the

6.

duty element of a negligence claim.  *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶ 37 (2d Dist.).

{¶ 14} Unlike an open-and-obvious doctrine analysis, "the action of the plaintiff in encountering the hazard is the central consideration in addressing whether he or she exercised ordinary care when stepping into the darkness."  *Miller v. Wayman*, 11th Dist. Geauga No. 2012-G-3057, 2012-Ohio-5598, ¶ 44.  Thus, summary judgment in favor of the defendant may be inappropriate "[i]f conflicting evidence exists as to the intentional nature of the step into the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances exist tending to disprove a voluntary, deliberate step into unknown darkness.  *Posin* at 276.

{¶ 15} Here, Hurst denies that he stepped into the storage area "without knowledge, information, or investigation."  But he does not argue that his step in the dark was unintentional, he raises no issue as to the degree of the darkness, and he says nothing of the nature and appearance of the premises.  He argues only that Perine had directed him to the storage area in the past when there were items he wanted to borrow, therefore, he reasonably believed the maintenance area was safe for him to enter.

{¶ 16} Courts have recognized that "a person can be induced by another to enter darkness, having been instilled with a sense of safety in doing so."  *Hissong*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶ 39, citing 62A American Jurisprudence 2d, Premises Liability, Section 761 (2009).  In *Hissong,* a sales clerk directed the plaintiff to a restroom in the back room of a shop, and she fell down a flight of steps when she

7.

walked through the wrong door. The court held that one could reasonably find that the plaintiff exercised ordinary care because she was following directions provided to her by the sales clerk. *Id.* at ¶ 45. *See also Dixon v. Miami Univ.*, 10th Dist. Franklin No. 04AP-1132, 2005-Ohio-6499, ¶ 56 (finding question of fact where plaintiff was lulled into a false sense of safety when he was directed to area of property by defendant's representative who failed to warn him of a danger concealed by darkness); *Chardon Lakes Inn Co. v. MacBride*, 56 Ohio App. 40, 44, 10 N.E.2d 9 (11th Dist.1937) (finding no error in denying directed verdict to property owner where plaintiff might reasonably rely upon the belief that she would not be directed into a place of danger by the person in charge of inn).

{¶ 17} Here, Hurst testified that he had been directed to the storage area twice before, and no light was on on those two occasions. He did not indicate when he was last in the storage area and he did not recall whether he had seen the sump pump, but it is undisputed that he was not directed to the storage area on the day he was injured. Hurst testified that he walked approximately 25-30 feet into the storage area while attempting to retrieve his phone for a flashlight.

{¶ 18} In *Mayhew*, 7th Dist. Mahoning No. 16 MA 0049, 2017-Ohio-1016, ¶ 61, the appellate court found that summary judgment to the property owner was appropriate where the plaintiff walked down a dark, but familiar, staircase during a power outage without the aid of a flashlight or other illumination such as a cell phone. We reach the same conclusion here. Hurst recognized the danger inherent in proceeding through the

8.

storage room in the darkness, yet chose to do so anyway instead of waiting until he successfully activated his cell phone flashlight. Under these circumstances, we find that there exists no conflicting evidence to overcome the inference of the lack of ordinary prudence and care raised by the step-in-the-dark rule.

{¶ 19} Accordingly, we find Hurst's sole assignment of error not well-taken.

## IV. Conclusion

{¶ 20} For the foregoing reasons, we find Hurst's assignment of error not well-taken and affirm the April 7, 2017 judgment of the Lucas County Court of Common Pleas. The costs of this appeal are assessed to Hurst under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                           _____
JUDGE

Arlene Singer, J.                                  _____

James D. Jensen, P.J.                          JUDGE
CONCUR.

_____
JUDGE